(47 App. Div. 246.)

### KERRIGAN v. FIELDING et al.

(Supreme Court, Appellate Division, Second Department. January 9, 1900.)

1. MORTGAGES—ABSOLUTE DEED—CONSTRUCTION.

Where the owner of mortgaged property conveyed it to a judgment creditor, by a deed absolute on its face, for the purpose of securing his claim and the claims of others in the hands of the grantee for collection, such deed operated as a mortgage, and the equitable title to the property remained in the grantor.

2. MECHANICS' LIENS—STATEMENT—FILING OF SECOND STATEMENT—EFFECT.

Where a grantor of mortgaged property conveyed it to a judgment creditor by deed absolute on its face, but in fact a mortgage, the fact that a contractor filed a second lien on the property, styling the grantee in the deed as owner, after having filed a lien in which the grantor was named as owner, did not impair his rights under the first lien.

3. SAME—DISCHARGE BOND—EFFECT.

Where a grantee of land subject to a mechanic's lien gave a bond to discharge the lien, such bond was substituted for the property, and hence the grantee is not entitled to show that his grantor had no interest in the property because incumbrances thereon exceeded its value.

4. SAME—OBJECTIONS—WAIVER.

Where subsequent grantees of mortgaged property subject to a mechanic's lien gave a bond to discharge a lien, they thereby waived the right to deny that the lienor would have been unable to have satisfied his lien from the property notwithstanding the mortgage and prior liens thereon.

5. SAME—CONSTRUCTION CONTRACT—CONSENT TO BY SUBSEQUENT GRANTEE.

Where a subsequent grantee of mortgaged property erected buildings on foundations built by a contractor under an agreement with the grantor, the grantee thereby ratified the contract, and is liable for a mechanic's lien filed thereon after the conveyance.

Appeal from special term, Kings county.

Action by John M. Kerrigan against Frederick W. Fielding and others to enforce a mechanic's lien. From a judgment dismissing the complaint as to certain of the defendants, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

Thomas Abbott McKennell (Albert V. B. Voorhees, Jr., on the brief), for appellant.

William C. Beecher, for respondent.

GOODRICH, P. J. The action is brought to foreclose a mechanic's lien on two houses and a plot of land on Bay Thirty-Fourth street, Bensonhurst. Our decision must depend mainly on the question of the ownership of the property. The defendant Robert W. Firth was formerly the owner of the premises. He conveyed them, with ten other lots on Sixtieth street, to the defendant Fielding in November, 1897, by a deed absolute in form. The evidence shows that at the time of the execution of the deed Fielding had recovered a judgment against Firth for $1,954.92. Fielding also had in his hands for collection, as attorney for other parties, other claims aggregating about $2,000. There was also a blanket mortgage on all the premises, amounting to $5,460, and a mortgage on three of the Sixtieth street lots, of $300. Fielding testified that there remained unpaid on the judgment and the claims in his hands at the time of filing the lien $3,568.03, which, added to the mortgages, with interest, made the aggregate of all the incumbrances a little over $9,000, while there is evidence tending to show that the value of the Thirty-Fourth street property was about $6,600. Fielding also testified that the deed was given as security for his judgment and the claims in his hands. Between June 13 and 23, 1898, the plaintiff, under a contract with Robert W. Firth, performed the work specified in the notices of lien, which consisted of digging cellars and laying foundation walls. On July 2d the plaintiff filed with the county clerk a notice of lien, in which he stated the owner to be the defendant Robert W. Firth. On August 16th he filed another notice, in which he stated the owner to be Fielding. On August 29th Fielding filed a bond to discharge the two liens, in which he styled himself as owner. The other defendants (Corrigan, Jackson, and Mrs. Firth) were sureties on the bond, and an order was made discharging and canceling the liens. The condition of the bond was that Fielding should "pay any judgment that may be rendered against said property for the enforcement of said liens, or either of them." The court found that the deed, while absolute in form, was intended by said parties, and was delivered by said Robert W. Firth and accepted by said Fielding, to secure payment, as far as the equity in the property would pay the same, of the amount of the several claims before stated, said Fielding to sell the property to the best advantage; that Robert W. Firth had an equitable interest and ownership in the property at the time when the lien was filed; that the claims against the property exceeded the value of the same above the mortgage; and that consequently Firth had no equity in the same. He ordered a personal judgment against Robert W. Firth for the amount, and dismissed the complaint as to the other defendants.

The appeal from the judgment requires the consideration of the legal ownership of the property. In Odell v. Montross, 68 N. Y. 499, it was held (Judge Allen writing) that a deed absolute in its terms, but given simply as security for the payment of money, is a

mortgage, with all the incidents of that instrument, and that the rights and obligations of the parties to the instrument are the same as if the deed had been subjected to a defeasance expressed in the body thereof or executed simultaneously with it; that it must be recorded as a mortgage, and not as a deed; that the legal title remains in the mortgagor, is subject to dower and curtesy, to the lien of judgments, and may be sold on execution, and may be mortgaged and sold as any other estate in lands, while the mortgagee has but a lien upon the lands as a security for his debt; and that the land is not liable to his debts, or subject to dower or curtesy, or any of the incidents of an estate in land. A similar doctrine was announced in Shattuck v. Bascom, 105 N. Y. 39, 12 N. E. 283, and Macauley v. Smith, 132 N. Y. 524, 30 N. E. 997. It follows that Robert W. Firth was the owner of the property at the time of his contract with the plaintiff and the performance of the work, and that the first notice of lien was a sufficient compliance with the statute known as the "Lien Law" (Laws 1897, c. 418).

The filing of the second lien did not impair the rights of the plaintiff under the first lien; but, even if such a claim could be made successfully, it is sufficient to say that the bond executed by the defendants was conditioned to pay the plaintiff's claim under either notice of lien. By the giving of the bond, it was substituted in place of the property which was thereby discharged from the lien. The defendants cannot be permitted to show that Robert W. Firth had no interest in the property, on the ground that the incumbrances exceeded the value of the property. Assuming that the value of the premises against which the lien was filed was less than the incumbrances, it is not shown what was the value of the Sixtieth street lots, and what had become of them; so we are unable to say that the claims which the deed was given to secure could not have been made out of that property.

In 2 Story, Eq. Jur. § 1233a, it is said:

"The general rule now acted upon by courts of equity is that where there is a lien upon different parcels of land for the payment of the same debt, and some of those lands still belong to the person who in equity and justice owes or ought to pay the debt, and other parcels of the land have been transferred by him to third persons, his part of the land, as between himself and them, shall be primarily chargeable with the debt."

Moreover, we think that all of these questions were waived by the defendants when they executed the bond, and thereby discharged the plaintiff's lien on the premises in question. If no bond had been given, and the plaintiff's lien had been foreclosed, he would have been entitled to a judgment against the property; and we cannot say on the evidence that a sale would not have produced a sum sufficient to pay the plaintiff's claim, over and above the incumbrances.

In our view, it is not important to consider whether or not Fielding consented to the performance of the plaintiff's work. Such consent would be necessary only if he were the owner of the property; and we have held that not he, but Robert W. Firth, was the owner, and as such made the contract with the plaintiff. It is, however, not

useless to refer to the fact that, while Fielding at first did not fully approve the position where the cellars were dug, he subsequently adopted it by building houses upon the foundations, and thereby has acquired the benefit of the plaintiff's labor and materials.

For these reasons the judgment should be reversed as to the defendants Fielding, Corrigan, Jackson, and Mrs. Firth, and judgment directed against them, with costs. All concur.