_____

(89 App. Div. 7.)   •

BOSSERT et al. v. HAPPEL et al.

(Supreme Court, Appellate Division, First Department. December 11, 1903.)

1. MECHANIC'S LIEN—NOTICE OF LIEN—SUFFICIENCY.
    The mechanic's lien law (Laws 1897, p. 518, c. 418, § 9) requires the lien notice, among other things, to state the labor performed or to be performed, and the materials furnished or to be furnished, and the agreed price or value thereof, and the amount unpaid to the lienor for such labor or materials. _Held_, that a notice following the literal language of the statute, but from which it was impossible to determine how much was claimed for labor, how much for materials furnished, and how much for materials to be furnished, was insufficient.

Appeal from Special Term, New York County.

Action by Louis Bossert and another against Adam Happel, impleaded with others. From a judgment in favor of defendant Happel (82 N. Y. Supp. 872), plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Alfred B. Cruikshank, for appellants.
Frank M. Avery, for respondents.

McLAUGHLIN, J. This action was brought to foreclose a mechanic's lien against one Henry E. Fox, as contractor, and the owners of certain real property situate in the city of New York. After the plaintiffs had filed their notice of lien, the respondent Happel also

filed a notice of lien upon the same property. Thereafter the owners of the property upon which the liens were sought to be acquired deposited in the office of the clerk of the county of New York a sum of money in excess of that claimed by the plaintiffs and thereupon their lien was discharged. At the trial the only question litigated was whether the plaintiffs or the respondent Happel were entitled to the money which had been paid to the clerk; all the other defendants having defaulted, and a personal judgment not being asked against the contractor, Fox, as appeared from a concession made upon the argument of the appeal. The trial court held that the notice filed by the plaintiffs was invalid, and dismissed the complaint (82 N. Y. Supp. 872), and from the judgment entered upon the decision to this effect, plaintiffs have appealed.

We are of the opinion that the complaint was properly dismissed because the notice of lien filed was insufficient under the statute (chapter. 418, p. 514, Laws 1897). So much of the notice as is involved in the question presented reads as follows:

"To Thomas L. Hamilton, Esquire, Clerk of the County of New York. Please take notice, that we, Louis Bossert and John Bossert, * * * have and claim a lien for the principal and interest of the value, and the agreed price of the labor and materials hereinafter mentioned. * * *

"4. The labor performed and the materials furnished and to be furnished consists of wainscoting, closets, wardrobes, dressers, doors, jambs, sashes, frames, headlights, panels, backs, base trim and mouldings, columns and pedestals, mantel shelves and steps, and the agreed price and value thereof is $611.86 Dollars .......................................................... $611.86
Less amount allowed for material ..................................... 8.25

$603.61

"5. The amount unpaid to the lienor for such labor or /and materials is six hundred and three and $61/100$ ($603.$61/100$) dollars."

Section 9, p. 518, of the statute referred to, requires that the notice filed shall state the name and residence of the owner of the real property against whose interest a lien is claimed; the name of the person by whom the lienor was employed, or to whom he furnished or is about to furnish the materials, or, if the lienor is a contractor or subcontractor, the name of the person with whom the contract was made; the labor performed or to be performed, and the materials furnished or to be furnished; and the agreed price or value thereof, and the amount unpaid to the lienor for such labor or materials; and, in addition, a verification by the lienor or his agents to the effect that the statements contained in the notice are true, to his knowledge, except as to the matters therein stated to be on information and belief, and, as to those matters, that he believes them to be true.

Section 22, p. 525, of the statute referred to, requires that the notice shall be liberally construed; but, giving to the statements contained in the notice a liberal construction, it is impossible to determine therefrom how much is claimed for labor, how much for the materials furnished, or how much for materials to be furnished, and, before a valid lien could be acquired, these facts had to be clearly and definitely stated. The statute requires such information to be given. Here the person who prepared the notice followed the lit-

eral language of the statute, and this is insufficient, inasmuch as it does not give to the persons upon whose property a lien is sought to be acquired the required information. The case cannot be distinguished in principle from Bradley & Currier Co. v. Pacheteau, 71 App. Div. 148, 75 N. Y. Supp. 531, or New Jersey Steel & Iron Co. v. Robinson, 85 App. Div. 512, 83 N. Y. Supp. 450. In the Bradley & Currier Co. Case the statement in the notice was:

"The labor performed or to be performed is mantels and fixtures and the materials furnished or to be furnished and the agreed price or value thereof is Four Hundred and Seventy-five Dollars ($475)."

In the New Jersey Steel & Iron Co. Case the statement was:

"Labor performed or to be performed is the cutting and setting of all the cut limestone for the building on the premises and the materials furnished or to be furnished is the stone so to be cut and set and the agreed price or value of such labor and materials is Forty-four Thousand Seven Hundred Dollars ($44,700)."

Both notices were held insufficient to acquire a valid lien. It is true, the Bradley & Currier Co. Case was modified by the Court of Appeals, but only to the extent of permitting a personal judgment to be taken pursuant to section 3412 of the Code of Civil Procedure. The judgment as thus modified was affirmed. The conclusion, therefore, which this court reached as to the insufficiency of the notice, was approved; otherwise the judgment would necessarily have been reversed.

The judgment appealed from, therefore, must be affirmed, with costs. All concur.