(121 App. Div. 585.)

NORTON & GORMAN CONTRACTING CO. v. UNIQUE CONST. CO. et al.

(Supreme Court, Appellate Division, Second Department.   October 23, 1907.)

1. MECHANICS' LIENS—NOTICE—DESCRIPTION OF SERVICES OR MATERIALS.

Under Laws 1897, p. 518, c. 418, § 9, subd. 4, providing for filing a notice of lien, such notice must specifically and definitely state the labor performed or to be performed, or the materials furnished or to be furnished.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, §§ 234–236.]

2. SAME.

A statement in a notice of lien that "the labor performed and the materials furnished was the moving of a building * * * and placing the same upon the premises hereinafter named, * * * and the agreed price thereof is $3,460," is not sufficient to support a claim for the price of the building itself within Laws 1897, p. 518, c. 418, § 9, subd. 4, providing that such notice shall state the labor performed or to be performed, or materials furnished or to be furnished, and the agreed price or value thereof.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, §§ 234–236.]

Woodward and Gaynor, JJ., dissenting.

Appeal from Special Term, Kings County.

Action on a mechanic's lien by the Norton & Gorman Contracting Company against the Unique Construction Company and others.   From a judgment for the plaintiff, defendants appeal.   Reversed and new trial granted.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

Ralph K. Jacobs, for appellants.
J. Stewart Ross, for respondent.

HOOKER, J.   This is an action to foreclose a mechanic's lien.   The only reference in the notice of lien to the labor performed or the materials furnished was as follows:

"(4) The labor performed and the materials furnished was the moving of a building from the north side of Pacific street and placing the same upon the premises hereinafter described and designated, and the agreed price thereof is three thousand four-hundred and sixty dollars."

It is to be observed that the only claim stated was for the moving of the building and the placing of it upon other premises. The complaint was somewhat broader, claiming for the same moving and placing upon other premises, and, in addition, for the completing of the erection thereof. The amount claimed to be due by the plaintiff and mentioned in the decision is $3.557.20, $3,000 of which, however, is for the building itself; the balance being for something else. It is evident that the notice of lien is not valid to support a claim for the price of the building itself. It is held that the statement in the notice of lien as provided for in subdivision 4 of section 9 of the lien law (Laws 1897, p. 518, c. 418) must specifically and definitely state the labor performed or to be performed, or the materials furnished or to be furnished. Toop v. Smith, 181 N. Y. 283, 73 N. E. 1113; McKinney v. White, 15 App. Div. 423, 44 N. Y. Supp. 561. This has not been done in this case as far as the building is concerned.

Judgment should be reversed, and new trial granted, costs to abide the event.

All concur, except WOODWARD and GAYNOR, JJ., who dissent.