PITTSBURGH PLATE GLASS CO. v. VANDERBILT et al.

(Supreme Court, Special Term, New York County. June 26, 1911.)

1. MECHANICS' LIENS (§ 157*)—NOTICE OF LIEN—IMPROPER ITEMS.

Inclusion of improper items by inadvertence in a mechanic's lien notice, the claimant having withdrawn the same on discovering the error, will not vitiate the lien.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 268–274; Dec. Dig. § 157.*]

2. MECHANICS' LIENS (§ 196*)—SUBCONTRACTOR OR MATERIALMAN—LIEN NOTICE—MANUFACTURE OF SPECIAL TRIM.

Where a lien claimant supplied doors and other special trim, manufactured for the particular building in controversy, in accordance with special designs, not staple articles carried by any class of tradesmen, but manufactured in the claimant's factory apart from the premises on which the building was being constructed, claimant was entitled to a lien for both labor and material, as a subcontractor as distinguished from a mere materialman, and this though the notice claimed a lien for material only.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 337–341; Dec. Dig. § 196.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

143 N.Y.S.—39

3. MECHANICS' LIENS (§ 196\*)—MONEY DUE—ASSIGNMENT—FILING—FAILURE
TO FILE—EFFECT.

An order given by a subcontractor on the contractor to a materialman
for $9,600, not amounting to an assignment of the entire balance due the
subcontractor, but being a mere authority to the contractor to pay the
sum specified out of the balance due, prior to any claims the subcon-
tractor might have on the money, was unenforceable against subsequent
liens for failure to file the same under Consol. Laws 1909, c. 33, § 15,
requiring an assignment of money due or to become due for labor per-
formed or materials furnished for the improvement of real property, or
an order drawn by a contractor or subcontractor on the owner for pay-
ment of such money, to be filed, etc.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 337–341;
Dec. Dig. § 196.\*]

4. MECHANICS' LIENS (§ 139\*)—NOTICE—MATERIALS—DESCRIPTION.

A notice of mechanic's lien filed by the "Hasbrouck Flooring Company,"
containing no description except "the labor performed and the materials
furnished, and the agreed price and value thereof, are as follows, re-
spectively, $3,645.03," the amount unpaid being $977.03, was insufficient
for failure to describe the materials furnished and the work performed,
nor was such defect cured or aided by the name of the claimant.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 234–
236; Dec. Dig. § 139.\*]

5. MECHANICS' LIENS (§ 195\*)—NOTICE—LABOR AND MATERIALS—DESCRIPTION
—DEFECTS.

Lien Law, § 9, subd. 4 (Consol. Laws 1909, c. 33), requiring that the
labor performed or the materials furnished or to be furnished shall be
specifically described in the notice of lien, is not for the sole benefit of
the owner but is available to a subsequent lienor as well, who is entitled
to object. to a prior lien on the ground that the labor and materials
claimed for are not sufficiently described.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 336;
Dec. Dig. § 195.\*]

6. MECHANICS' LIENS (§ 157\*)—LIEN FOR LABOR AND MATERIALS—LIEN NO-
TICE—DEFECTIVE DESCRIPTION—EXTRINSIC EVIDENCE.

Defects of description of labor and materials, claimed for in a me-
chanic's lien notice, cannot be supplied by extrinsic evidence, but the
notice, in all matters of substance, must conform to the statutory require-
ments.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 268–
274; Dec. Dig. § 157.\*]

7. MECHANICS' LIENS (§ 195\*)—LIEN FOR LABOR AND MATERIALS—OBJECTIONS
—WAIVER AS BETWEEN LIENORS—BOND.

In a contest between colienors litigating for priority, the fact that the
liens on the improvement had been bonded did not constitute a waiver
of objections as to the form and sufficiency of a prior lien notice.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 336;
Dec. Dig. § 195.\*]

8. MECHANICS' LIENS (§ 195\*)—LIEN FOR LABOR AND MATERIALS—OBJECTIONS
—WAIVER—INTRODUCTION OF NOTICE IN EVIDENCE.

In an equity suit to determine the priority of liens on a building as
between colienors, the fact that a notice of lien was admitted in evidence
without objection did not constitute a waiver of objections as to its form
and sufficiency.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 336; Dec.
Dig. § 195.\*]

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

9. MECHANICS' LIENS (§ 157*)—FILING—EXCESSIVE AMOUNT.

The filing of a mechanic's lien for an excessive amount is not fatal, where it appears that the claimant's books were carelessly kept and there was no intention to obtain any unfair advantage.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 268–274; Dec. Dig. § 157.*]

10. MECHANICS' LIENS (§ 157*)—NOTICE—FORM.

Where a lien was filed for materials only, the omission in one instance to erase the words "labor and" before "material" in the notice did not characterize it as one for labor and material.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 268–274; Dec. Dig. § 157.*]

Action by the Pittsburgh Plate Glass Company against one Vanderbilt and others for the foreclosure of a mechanic's lien. Rights of parties determined, and decree of foreclosure rendered.

S. G. De Kay, of New York City, for plaintiff.
Eidlitz & Hulse, of New York City, for defendants.

HENDRICK, J. In this action to foreclose a mechanic's lien, defendants Vanderbilt, the owner, and Jacob & Youngs, Incorporated, the contractor, have no pecuniary interest. The liens have been transferred from the property to the bond given by defendant National Surety Company. Defendants A. P. Bigelow & Co. and the Russell & Erwin Company did not appear at the trial. Defendant Relyea, trustee in bankruptcy of subcontractor Maher, may also be ignored. We have left the plaintiff and four other lienors and a fund of about $9,000 still in the hands of the contractors. That fund must be distributed among these five lienors, and the question presented is how it shall be divided. The principal lienor is A. W. Burritt & Co.

[1] This company has a claim larger than the fund on hand and claims the whole of it. The lien filed amounted to $10,419.26. The company has withdrawn an item of $10.75 and another for $250. I am satisfied that these were included through inadvertence and that they do not vitiate the lien. Ringle v. Wallis Iron Works, 149 N. Y. 439, 44 N. E. 175; Aeschlimann v. Presbyterian Hospital, 165 N. Y. 296, 59 N. E. 148, 80 Am. St. Rep. 723.

[2] One objection to this claim is made in common by several of the other lienors. It is not stated, however, more clearly than by counsel for this company, who sums it up in this single question:

"Suppose in the case of Herrmann & Grace v. City of N. Y., 130 App. Div. 531 [114 N. Y. Supp. 1107], affirmed 199 N. Y. 600 [93 N. E. 376], the American Radiator Company had made the radiators for the particular structure so as to fit in the different window recesses, and of special and suitable sizes for the different rooms, or of special designs, would the court in that case have held that company any less a materialman because it made special radiators for a special building?"

The Burritt & Co. lien is not for labor and materials but for materials only. If the question quoted should be answered in the negative, this company is entitled to preference over prior liens for both labor and material, for that has been so adjudicated. Herrmann & Grace Co. v. City of N. Y., 130 App. Div. 531, 114 N. Y. Supp. 1107,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

affirmed 199 N. Y. 600, 93 N. E. 376; Hedden Const. Co. v. Proctor & Gamble Co., 62 Misc. Rep. 129, 114 N. Y. Supp. 1103. The question quoted is substantially the question presented here, except that the material is different. Burritt & Co. supplied doors and other trim manufactured for this particular improvement in accordance with special designs. They were not carried in stock by the company; they could not be purchased from drummers in the trade; they are not staple articles carried by any class of tradesmen. If they had been, the company would be entitled to judgment. 130 App. Div. 531, 114 N. Y. Supp. 1107, supra. On the other hand, our doubts would be resolved if the company had come into the house with its workmen and fabricated the doors and other trim in a room adjacent to that where they were to be hung or attached. The company would then be a subcontractor, as distinguished from a simple materialman. Now, where lies the difference in principle? In one case the company contracts to manufacture interior trim on the premises and in the other at their manufactory. In both cases the articles are specially adapted to that one particular purpose; in neither are they of any substantial value as trim in any other building. The Municipal Building now under construction on Chambers street will consist mainly of steel and stone fitted elsewhere; each beam and block being placed where the designers planned while the steel was pig iron and the stone was in the quarry. If a lien were filed, should it be for material or for both labor and material? I feel constrained to hold that Burritt & Co. were subcontractors and furnished for this building both labor and materials. What, then, is the status of the company? It cannot have a lien for material only, and it has filed no lien for labor and material. If a lien for labor and material is filed, the lienor, it seems to me, could not recover for material only, as that would give him an advantage over prior lienors claiming for both labor and material. But the converse does not seem to follow. I shall hold that Burritt & Co. are entitled to stand in their order of priority as a lienor for labor and material. Burritt & Co. make another point which requires notice.

[3] About a week before any of the liens were filed, it obtained from Mr. Maher, the subcontractor, an order on the contractor for $9,600. This was not an assignment of the entire balance but authority to the contractors to pay that sum out of the balance to become due "prior to any claims I may have on said moneys." That lacks something even of an equitable assignment. It seems to be an order on a fund which should take precedence of any other order Maher might give, but it does not purport to effect any inchoate rights in the fund possessed by other lienors. Without pausing to inquire what rights are obtained by an assignee of part of a fund, we pass on to the reply made by the contractor. This states that there is apparently enough money to cover the order and the same would be credited, but—

"it is distinctly understood and agreed between us that if there should be any charges against his account of which we do not know at the present time, they shall be deducted before paying you the amount of the order. The reason for making this special arrangement is that the amount appearing to Mr. Maher's credit is less than $125 more than the amount of the order, and we wish to protect ourselves in the matter."

If Burritt & Co. had sued the contractor on that order, it seems doubtful whether they could recover. Just what is meant by "charges" is not clear. The company, however, did not obtain payment but proceeded to file a lien and are asking foreclosure in this action. Nor did the company surrender any of its rights. It has not, therefore, brought itself within the facts of the case which is invoked. Harvey v. Brewer, 178 N. Y. 5, 70 N. E. 73. The company suggests that section 15 of the Lien Law (Consol. Laws 1909, c. 33), declaring such orders void if not filed with the county clerk, has no application to the order in question, because this was not drawn upon an owner but upon a contractor. That does not seem to be strictly correct. Van Kannel Revolving Door Co. v. Astor, 119 App. Div. 214, 104 N. Y. Supp. 653. In the absence of authority, I am inclined to follow the meaning which seems to lie on the face of section 15 of the Lien Law and to rule against this company's contention. No special objection is made to this company's lien for $250 and that will be allowed.

[4] The notice of lien filed by the Hasbrouck Flooring Company contains no description except as follows:

"The labor performed and the materials furnished, and the agreed price and value thereof, are as follows, respectively, $3,645.03."

The amount unpaid is $977.03. The colienors challenge the sufficiency of this notice on the ground that it does not describe the materials furnished and the work performed, either separately or both together. This company contends that a description is unnecessary, as that is impliedly stated in the title of the corporation. Unless a more persuasive answer can be found, I fear that the objection must be sustained. Any one passing the windows of a dairy company or a tea company will see many articles exposed for sale that have not the remotest connection with either tea or dairy products. This company cites a case in which a statement appears in the opinion arguendo that the notice is required for the benefit of the owner. Vogel v. Luitwieler, 52 Hun, 184, 5 N. Y. Supp. 154. But this particular statute appears to place no limitation upon the purpose to be served by its different provisions. A lienor may rely upon it as well as an owner.

[5] Subdivision 4 of section 9 provides that "the labor performed or to be performed, or materials furnished or to be furnished, and the agreed price or value thereof," shall be stated in the notice of lien. It is sometimes held that such notices must conform to the statute in order to confer jurisdiction on the court. Davidsburgh v. Knickerbocker Life Ins. Co., 90 N. Y. 526.

[6] It is also held that the requirement as to the kind of labor performed and the amount thereof cannot be omitted (Toop v. Smith, 181 N. Y. 283, 73 N. E. 1113), and that defects in the notice cannot be supplied by extrinsic evidence. Armstrong v. Chisholm, 100 App. Div. 440, 91 N. Y. Supp. 693. In short, the rule seems to be general that in all matters of substance the notice must conform to the statutory requirements. Norton & Gorman Cont. Co. v. Unique Const. Co., 121 App. Div. 586, 106 N. Y. Supp. 372; Bossert v. Fox, 89 App. Div. 7, 85 N. Y. Supp. 308; In re Emslie (D. C.) 98 Fed. 716.

[7] This company pleads further that this lien was bonded without

objection, and thereby all objections as to form were waived. The case of Kerrigan v. Fielding, 47 App. Div. 246, 62 N. Y. Supp. 115, is cited. This is a contest between colienors litigating for priority, and I think that the bond as among them serves no purpose except to transfer to itself the liens that rested upon the building.

[8] This company also urges that all objection to the notice of lien disappeared when it was received in evidence without protest. I do not so understand the rule. This is an equity action, and the mere fact that a paper is put in evidence is not conclusive upon its effect. With some reluctance I reach the conclusion that the lien of the Hasbrouck Flooring Company must be disallowed. The lien of D. B. Pershall & Son was filed for an excessive amount.

[9] But I am satisfied from the evidence that, although the accounts were kept very carelessly, there was no intention to obtain any unfair advantage.

[10] The lien was filed for material only. The omission in one instance to erase the words "labor and" before "material" does not characterize the notice as one for labor and material. The main objection made is that nearly all the material was delivered more than 90 days before the notice was filed. The statute provides that:

"The notice of lien may be filed * * * within ninety days after * * * the final furnishing of the materials, dating from the last item of * * * materials furnished."

These lienors appear to be entitled to a decree for $236.09; that being the sum to which the lien was reduced. The lien of John J. Wallace for labor and material must be allowed. Plaintiff, Pittsburgh Plate Glass Company filed a lien for both labor and material. While the notice makes no claim for material alone, it repeatedly claims for labor and material. In one place this occurs:

"That the nature and amount of the labor and services performed and the material furnished, and the agreed price and value thereof, are as follows: Materials, consisting of plate glass and sheet glass, and the labor in cutting and preparing same for shipment, delivered and set, of the price and value of $1,824."

If plaintiff had filed a notice, as permitted by the statute, for materials and for labor, separating the amount of each, the court might feel authorized to reject the item of labor on plaintiff's motion and allow the lien to stand for material only. But I must accept the notice as it appears on file, and plaintiff's lien for labor and material will stand for the amount claimed.

A decision and decree in accordance with this memorandum should be settled on notice not later than June 27, 1911.