### LESKE v. WOLF et al.

(Supreme Court, Appellate Division, Second Department. December 6, 1912.)

1. DISMISSAL AND NONSUIT (§ 80*)—OPERATION AND EFFECT.

　　Upon the dismissal of a complaint in a subcontractor's action to foreclose a mechanic's lien, which alleged the execution and delivery by the owner to the contractor of mortgages for the purpose of defeating the Lien Law (Consol. Laws 1909, c. 33), defendants, who had raised issues between themselves as to the validity of such mortgages, were not entitled to have the action proceed for the determination of such issues; the plaintiff being no longer interested in the determination of such issues, and Code Civ. Proc. § 521, providing that, where the judgment may determine the ultimate right of two or more defendants as between themselves, a defendant requiring such determination must demand it in his answer and serve a copy thereof on his codefendants, only authorizing a determination of controversies between parties affected by the judgment sought by the plaintiff.

　　[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 178–181; Dec. Dig. § 80.*]

2. MECHANICS' LIENS (§ 139*)—NOTICE—SUFFICIENCY.

　　Under Lien Law (Consol. Laws 1909, c. 33) § 9, subd. 4, requiring notices of mechanics' liens to state the labor performed or to be performed, or materials furnished or to be furnished, a notice of a lien on six buildings, four owned by one person, and two by another, stating that the lienor has performed labor and furnished materials under a contract for the improvement of such real property to a specified value, and is to perform labor and furnish materials therefor of a specified value, is insufficient, since the notice must state the nature and character of the materials furnished, and the notice in question would prevent either owner from taking advantage of the provisions of Lien Law, § 19, subd. 4, relative to the discharge of liens by the execution of an undertaking, unless he was willing to become surety for the entire contract price of all the buildings.

　　[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 234–236; Dec. Dig. § 139.*]

Appeal from Trial Term, Westchester County.

Action by Emil Leske against Lawrence B. Wolf, as trustee in bankruptcy, and others. From a judgment dismissing the complaint, plaintiff appeals. From the judgment and decision, defendants Pfautz & Miller Realty Company and others appeal, and also bring up for review an order denying their motion to proceed with the trial. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Herbert A. Knox, of New York City, for appellant.

Clifford Seasongood, of New York City (Thomas A. Eager, of New York City, on the brief), for appellants-respondents Pfautz & Miller Realty Co. and others.

John J. Sammon, of New York City, for other respondents.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WOODWARD, J. The plaintiff, a subcontractor, brings this action to foreclose a mechanic's lien, and to set aside and cancel of record certain mortgages recorded prior to said lien. The complaint alleges that the defendant the Pfautz & Miller Realty Company is the owner of eight certain lots in the town of Harrison, Westchester county, and that the defendant Christian G. Rohrer is the owner of four other lots in the same township, and located apparently upon the same allotment as that of the eight lots above mentioned. It is further alleged that the Realty Company had entered into a contract, bearing date of March 31, 1910, with the defendant Interstate Land & Building Co-operative Association (now in the hands of Lawrence B. Wolf as trustee in bankruptcy), by which the latter was to construct four houses upon the eight lots of the Realty Company, and that the defendants Rohrer had likewise entered into -a contract, under date of April 1, 1910, with the Interstate Company, under the provisions of which the latter was to construct two houses upon the four lots of the Rohrers. With affairs in this condition, the complaint avers that the Interstate Company entered into a contract with the plaintiff for the construction of the six houses provided for in the above contracts, and that, after the plaintiff had performed labor and furnished materials to the value of $8,850 in the performance of his contract to furnish the labor and materials for the construction of said six houses for the sum of $19,600, the said Interstate Company violated its said contract, whereupon the plaintiff, within the time limited by law, filed a lien against the premises of the Realty Company and the Rohrers, subsequently releasing certain portions of the premises from the lien. It is then alleged that there is now due and owing to the plaintiff the sum of $5,900, for which the plaintiff claims a lien upon all of the real property above described, except such as has been released.

[1] In addition to these allegations, the plaintiff asserts that, at the time the Interstate Company entered into the contracts with the owners of the above-mentioned properties for the construction of the six houses, the said owners made and executed certain mortgages and delivered the same to the Interstate Company, and it is alleged that these several mortgages were made without consideration and for the purpose of defeating the Lien Law (Consol. Laws 1909, c. 33), and all the parties who would be affected by an adjudication upon the validity of the mortgages are made parties defendant, and these defendants, while they acquiesced in the dismissal of the complaint, are before this court urging that, having raised certain issues as between themselves, they are entitled to have the case proceed for the purpose of determining their several rights.

It seems to us entirely clear that, if the plaintiff failed to set up a good cause of action for the foreclosure of his mechanic's lien, the court was not in a position to go forward with the trial of the action for the purpose of determining the issues attempted to be raised by the several defendants as between themselves. The plaintiff had no interest in setting aside the mortgages upon the premises unless he had a good and valid lien against the same, and the

defendant owners of the premises had no interest in the lien unless it was in fact a lien upon their lands. If there was no lien, then there was no controversy in which the plaintiff and defendants were interested, and the only purpose of section 521 of the Code of Civil Procedure is to bring in all the parties who are to be affected by the judgment which the plaintiff seeks, and to adjust the controversy as between all the parties thereto. Kay v. Whittaker, 44 N. Y. 565, 576, and authorities there cited.

[2] Upon the question of the sufficiency of the plaintiff's notice, we are of the opinion that the court properly dismissed the complaint, and that the notice did not comply with the requirements of subdivision 4 of section 9 of the Lien Law. This subdivision requires that the notice shall state "the labor performed or to be performed, or materials furnished or to be furnished," and this requirement of the statute is not met by simply declaring that under a certain agreement—

"the said lienor contracted to 'provide all the materials and perform all the work for the erection and completion of six one-family two-story and attic frame dwellings, with cellars,' \* \* \* the said dwellings to be located upon the real property hereinbefore described, and the said Interstate Land & Building Co-operative Association agreed to pay to the said lienor for said work and materials the sum of $19,600. The said lienor has performed labor and furnished materials upon said real property and improvements under the said contract to the value of $10,800, and the said lienor is to perform labor and furnish materials therefor of the value of $8,800."

It should be remembered that the real property belongs to two different parties, each of whom has a separate contract for the construction of buildings upon his own premises with the general contractor. One of these parties is to have four buildings; the other, two. There is nothing in the notice to show how much labor has been expended, how much material furnished, for the construction of the buildings upon either of the properties, and, if this notice were to be held sufficient, it would prevent the owner of either of the properties to take advantage of the provisions of subdivision 4 of section 19 of the Lien Law, unless he was willing to become surety for the entire contract price of all the buildings. Such a result was clearly never contemplated by the Legislature. Commenting upon a notice where there was only a single owner involved, the court in Bossert v. Fox, 89 App. Div. 7, 9, 85 N. Y. Supp. 308, 309, affirmed 180 N. Y. 546, 73 N. E. 1120, say:

"Section 22 of the statute referred to requires that the notice shall be liberally construed; but, giving to the statements contained in the notice a liberal construction, it is impossible to determine therefrom how much is claimed for labor, how much for the materials furnished, or how much for materials to be furnished, and before a valid lien could be acquired these facts had to be clearly and definitely stated."

A notice must state the nature and character of the materials furnished. The notice is required for giving information to the owner, so that he may, upon inquiry, ascertain whether the material has been actually furnished or not, and the value of the same. Vogel v. Luitwieler, 52 Hun, 184, 5 N. Y. Supp. 154. The rule appears to have

been modified somewhat in Hurley v. Tucker, 128 App. Div. 580, 585, 112 N. Y. Supp. 980, but not sufficiently to sustain the present notice, for it does not describe with particularity the work and materials which the lienor had contracted to do and furnish, and that a definite part of the work and materials had been done as provided in the contract. It gives no figures from which it would be possible to determine what work or materials had been furnished for either of the owners of the premises against which it is sought to establish a lien. For all that appears, all of the work and materials so far furnished may have been placed upon the premises owned by the Realty Company, and yet the lien is sought to be sustained as against both the owners, or, to be more exact, against the properties of each of the owners. Clearly the notice is not within the letter or the spirit of the statute, and the court very properly dismissed the complaint.

The judgment appealed from should be affirmed, with costs.