### NEW YORK SLATE WORKS et al. v. H. KRANTZ MFG. CO.

(District Court, E. D. New York. October 5, 1914.)

1. MECHANICS' LIENS (§ 271*)—PROCEEDING TO ENFORCE—PLEADING.
   A petition to establish a mechanic's lien on property in the hands of a receiver *held* insufficient in failing to show how much work was done or to be done out of the total contract price.

   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 494–513; Dec. Dig. § 271.*]

2. MECHANICS' LIENS (§ 132*)—COMPLETION OF WORK—DEFECTS.
   Subsequent making good of a defect then appearing in the work will not reopen the time of actual completion, from which the 90-day period starts.

   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 190, 192–207; Dec. Dig. § 132.*]

In Equity. Suit by the New York Slate Works and the Western Electric Company against the H. Krantz Manufacturing Company. On petition of the Estey Bros. Company for a lien. Lien denied.

Dorman & Dana, of New York City (Charles Bates Dana, of New York City, of counsel), for petitioner.
Sullivan & Cromwell, of New York City (John Foster Dulles, of New York City, of counsel), for receiver.

CHATFIELD, District Judge. [1] The filing of a lien after appointment of a receiver is not proper cause for treating the lien as invalid; but this lien does not seem to have been filed in 90 days, nor does it state in any way how much work has been done. It states that the total work of the contract is worth $200, and that nothing has been paid; but, aside from the dates between which certain work was done, it nowhere states that any pay has been earned. Bossert v. Fox, 89

App. Div. 7, 85 N. Y. Supp. 308, affirmed in 180 N. Y. 546, 73 N. E. 1120.

[2] The work was completed and accepted, if it was, in fact, completed, when turned over to the contracting party, and the subsequent demand to make good some shortcoming cannot (in the absence of proof that the work was incomplete until inspection and acceptance) extend the date from which the statute runs. The claim will be treated as a general claim against the estate.