(172 App. Div. 774)

AMERICAN METAL CEILING CO., Inc., v. NEW HYDE PARK FIRE DIST. et al.

(Supreme Court, Appellate Division, Second Department. June 16, 1916.)

1. MECHANICS' LIENS ⬯196—LIEN FOR MATERIAL ONLY—PRIORITY—STATUTE.
   Under Lien Law (Consol. Laws, c. 33) § 56, a lumber company, having a lien for material only, has priority over the lien of a contractor.
   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 337–341; Dec. Dig. ⬯196.]

2. MECHANICS' LIENS ⬯196—LIEN FOR MATERIAL ONLY.
   A lumber company, claiming a lien for materials only, consisting of "lumber, mason material, doors and sash," sufficiently made it appear that no labor was added by it to the material to adapt it to the improvement, so as to deprive it of priority over a contractor, under Lien Law, § 56.
   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 337–341; Dec. Dig. ⬯196.]

On reargument. Former opinion 158 N. Y. Supp. 11, modified. See, also, 91 Misc. Rep. 236, 154 N. Y. Supp. 661.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

Lincoln B. Haskin, of Hempstead, for appellant.

Henry L. Maxson, of Hempstead, for respondent American Metal Ceiling Co., Inc.

George B. Stoddart, of Mineola, for respondent Christ.

THOMAS, J. [1, 2] By reason of the several perplexing questions attention was diverted, in the final adjustment of priorities of liens, from the claim of the Nassau Lumber Company that its lien was for material only, and that the lien therefor by the statute (Lien Law, § 56) was preferred to that of the plaintiff, earlier in date. Herrmann & Grace v. City of New York, 130 App. Div. 531, 114 N. Y. Supp. 1107, affirmed 199 N. Y. 600, 93 N. E. 376; Jackson v. Egan, 200 N. Y. 496, 94 N. E. 211.

The learned counsel for the plaintiff urges that the Nassau Lumber Company did not make it appear that no labor was added by it to the material to adapt it to the improvement, and that the decision in Pitts-

burgh Plate Glass Co. v. Vanderbilt, 143 N. Y. Supp. 609, is applicable. There the lienor "supplied doors and other trim manufactured for this particular improvement in accordance with special designs." In the case at bar the Lumber Company claims a lien for materials only, which consisted of "lumber, mason material, doors, and sash." There is nothing in the notice, or the terms used, to suggest labor by the materialman for the purposes of fashioning the material to the particular improvement. The lien of the Nassau Lumber Company has priority.

As it prevails upon the appeal, it should have the usual costs. All concur.