Times Square Improvement Company, Inc., Respondent, Appellant, *v.* The James McCreery Realty Corporation, Appellant, Impleaded with Fleischmann's Vienna Model Bakery, Inc., Respondent, and Reuben Sadowsky, Respondent, Appellant.

First Department, March 8, 1918.

**Landlord and tenant — lease — subletting to avoid covenant against assignment — privity of contract — no action against lessor because of tenants' representations as to premises — where no cause of action established against lessor — issues raised by answers of other defendants not triable.**

A lessee by subletting the remainder of his term in order to avoid a covenant against assignment without the written consent of the lessor to whom the subtenant does not attorn, does not establish any privity of contract between himself and the lessor enabling the subtenant to sue the lessor for representations made to the lessee as to the demised premises.

Where from the pleadings in an action by the subtenant against the lessor and lessee, it clearly appears that the lessor was the common object of attack on the part of the plaintiff and the other defendants and no cause of action is established against the lessor because of lack of proof of privity of contract between it and plaintiff, the court was in no position to try the issues raised by the answers of the other defendants either as between themselves or between them and the lessor.

Appeal by the defendant, The James McCreery Realty Corporation, from a judgment of the Supreme Court in favor of the respondents, entered in the office of the clerk of the county of New York on the 13th day of June, 1917, upon the decision of the court after a trial at the New York Special Term, with notice of an intention to bring up for review an interlocutory judgment entered in said clerk's office on the 2d day of June, 1917.

Appeals by the plaintiff, Times Square Improvement Company, Inc., and the defendant Reuben Sadowsky from parts of said judgment.

*George L. Ingraham* of counsel [*Louis Marshall* and *Eugene G. Kremer* with him on the brief; *Eugene G. Kremer*, attorney], for the defendant, appellant.

*Louis Salant* of counsel [*Aronson & Salant,* attorneys], for the defendant, respondent.

*Morton Stein,* for defendant, respondent, appellant.

*Nathan L. Miller* of counsel [*Joseph A. Seidman* with him on the brief; *Joseph A. Seidman,* attorney], for the plaintiff, respondent.

DAVIS, J.:

The action is brought to set aside and annul certain leases and agreements made between the several parties to the action and relating to the premises 803, 805 and 807 Broadway, New York city, and for other relief.

On December 15, 1906, the defendant James McCreery Realty Corporation, as owner, leased to the defendant Fleischmann's Vienna Model Bakery, Inc., the ground floor of the buildings 803, 805 and 807 Broadway, New York city, together with the basement thereunder, for a term of ten years and three months, beginning on February 1, 1908, and ending April 30, 1918. The premises in question consist of two stores and the basement on the northwest corner of Broadway and Eleventh street, with a frontage on Broadway of 76 feet and 7 inches and on Eleventh street of 221 feet, 9 inches. The demised premises were to be used exclusively as a bakery, café and restaurant. The lease reserved a monthly rental of $875 for the months of February, March and April, 1908, and a yearly rental of $21,000 thereafter. Contiguous to the space directly under these stores there was a vault built in 1868 underneath the sidewalk of Broadway and of Eleventh street. It extended from the building line to the curb line and was used under a license from the city.

After the Fleischmann Company had used the premises for more than a year as a restaurant and rathskeller, the McCreery Corporation entered into a lease with defendant Sadowsky, dated October 20, 1909, leasing the entire building to Sadowsky for a term of ten years from February 1, 1910, to January 31, 1920. The lease to Sadowsky is made subject to the lease to the Fleischmann Company and Sadowsky agrees to comply with each of the covenants and conditions

of the Fleischmann lease, to be performed by the McCreery Corporation, and the Fleischmann lease was assigned to Sadowsky by the McCreery Corporation October 22, 1909. The assignment, plaintiff's Exhibit 10, also provides that Sadowsky shall comply with each of the covenants to be performed by the McCreery Corporation in its lease to Fleischmann.

Sadowsky, in order to have the Fleischmann term expire with the expiration of his own term, required that another lease be made extending Fleischmann's term, so that it would end January 31, 1920. Accordingly, Sadowsky made a lease to the Fleischmann Company for a term beginning May 1, 1918, and ending January 31, 1920. The letter which Sadowsky gave the Fleischmann Company at the time of the making of the lease indicates that the premises which Sadowsky intended to lease to the Fleischmann Company were the same as those which the latter was then occupying.

On August 5, 1913, Sadowsky leased all of the premises, including the basement, to the plaintiff, Times Square Improvement Company, Inc., subject to all the covenants and conditions in all of the preceding leases. In this lease the plaintiff expressly assumed the covenants and conditions of the preceding leases. The term of the lease began February 1, 1914, and ended January 31, 1920. Fleischmann thereafter attorned and paid rent to the plaintiff.

On October 1, 1914, and while the plaintiff was in possession under its sublease from Sadowsky, the city reclaimed for subway purposes a substantial part of the vault space occupied by the Fleischmann Company contiguous to these premises under the sidewalk of Broadway. The court at Special Term has found that the plaintiff and the defendants have been evicted from 780 square feet of the vault space in question; that such space was " a substantial and material part of the entire space theretofore occupied by the defendant Fleischmann and was of special value to it in the profitable conduct of its business. * * *" The court also found that "by reason of the aforesaid eviction, defendant Fleischmann lost the use of twenty-two out of the thirty-three tables theretofore constituting the ' rathskeller ' maintained by it."

Down to October 1, 1914, the date when the city reclaimed

this part of the vault space, the plaintiff received from the Fleischmann Company the full amount of the rent reserved in the lease of the basement and vault space from the McCreery Corporation.   Thereafter, because of the partial eviction of the Fleischmann Company by the city, the Fleischmann Company refused to pay the full amount of the rent.   In an action in the City Court brought against the Fleischmann Company by this plaintiff, the Times Square Improvement Company, Inc., the defendant Fleischmann Company obtained a judgment upon its counterclaim reducing the amount of the rent to be paid  because of the partial eviction by the city. On appeal  to this court the judgment of the City Court was affirmed.   (*Times Square Improvement Co.* v. *Fleischmann Vienna Model Bakery, Inc.*, 173 App. Div. 633.)

In substance, the complaint alleges the making of a lease on the 15th of December, 1906, between the defendant McCreery Corporation and the Fleischmann Company, by which the McCreery Corporation leased to the Fleischmann Company the stores and basement thereunder at 803, 805 and 807 Broadway, New York city, for a term of ten years and three months, commencing on the 1st of February, 1908, and ending on the 30th of April, 1918; that at the time of the execution and delivery of the last-mentioned lease there was a vault built underneath the sidewalk of Broadway and Eleventh street, which, by the intention of the parties to the lease, formed an integral part of the basement, and was appurtenant to and was to be a part of the premises mentioned and described in the lease; that the lease contained a covenant of quiet enjoyment; that thereafter the Fleischmann Company entered into possession of said premises and occupied them as a bakery, café and restaurant.   The complaint further alleges that at the time of the execution and delivery of the said lease, the McCreery Corporation knew that it was not the owner of the land and space occupied by said vault, and that it had no right to lease any part of said space, and that all the said space was then owned by the city of New York, and that the right to use the space was subject to be revoked at the will of the city of New York.

It is further alleged that on or about the 20th of October, 1909, the McCreery Corporation, in order to induce the

defendant Sadowsky to hire the whole of said building and accept from the McCreery Corporation a lease thereof subject to the tenancy of the Fleischmann Company, represented to Sadowsky that the said written lease between the McCreery Corporation and the Fleischmann Company was the only lease and agreement made between them. It is also alleged that, as a further inducement to the defendant Sadowsky, the McCreery Corporation also represented that the Fleischmann Company was ready, able and willing to enter into a written agreement with Sadowsky in the same form and upon the same terms and conditions as contained in the lease between the McCreery Corporation and the Fleischmann Company, except that said Fleischmann Company would hire from said Sadowsky the premises in said lease described for an additional term commencing on the 20th day of April, 1918, and ending on the 31st of January, 1920, at the same rental of $21,000 per annum; that the McCreery Corporation, for the purpose of enabling Sadowsky to collect the rent from the Fleischmann Company, would assign to Sadowsky its interest in the McCreery-Fleischmann lease.

The complaint proceeds to allege that the defendant McCreery Corporation did not then and there disclose to Sadowsky that, at the time of the execution and delivery of the McCreery-Fleischmann lease, the McCreery Corporation agreed to include the vault under the sidewalk in the demise to Fleischmann, and that Sadowsky, having no knowledge of said agreement and relying upon the representations of the McCreery Corporation and believing them to be true, and relying upon the representations of the Fleischmann Company that the lease covered all the agreements between the McCreery Corporation and the Fleischmann Company, entered into a lease whereby he hired from the McCreery Corporation the whole of the building in question for a term commencing on the 1st of February, 1910, and ending on the 31st of January, 1920, at a yearly rental of $35,000 for the first year and thereafter at a rental of $45,000. It is also alleged that Sadowsky also accepted an assignment of the McCreery-Fleischmann lease in reliance upon these representations. It is further alleged that at the same time Sadowsky executed

a lease of the stores and basement of said premises to the Fleischmann Company for the term from May 1, 1918, to January 31, 1920, at a rental of $21,000 per annum; that thereafter Sadowsky entered into possession of the premises and continued to pay the rent reserved in the lease; that at the time of the execution and delivery of the lease to Sadowsky both parties understood that the payment of $45,000 rent was based upon the rental value of the store and basement then occupied by the Fleischmann Company, which was then fixed at $21,000 per annum; that thereafter, on the 5th of August, 1913, Sadowsky, in reliance upon the representations made by the McCreery Corporation and the Fleischmann Company, made a lease of the premises in question to the plaintiff for a term commencing on the 1st of August, 1913, and ending on the 31st of January, 1920, and at the same time Sadowsky assigned to the plaintiff the lease made between the McCreery Corporation and the Fleischmann Company as well as the lease between Sadowsky and the Fleischmann Company; that the plaintiff entered into the lease with Sadowsky upon the understanding that the only agreements existing between the McCreery Corporation, Sadowsky and the Fleischmann Company affecting the use and occupation of the stores and basement by the Fleischmann Company were expressed in the leases already referred to, and that the plaintiff agreed to pay the rent of $45,000 a year based upon $21,000 a year as the rental value of the premises occupied by the Fleischmann Company. It is further alleged that in the lease between the plaintiff and Sadowsky there was a covenant of quiet enjoyment.

It is further alleged that it was understood and agreed between Sadowsky and the plaintiff that Sadowsky should assign to the plaintiff all claims and demands of every kind which Sadowsky then had against the McCreery Corporation and the defendant Fleischmann Company arising out of the use of the premises in question and the agreements and leases already mentioned. The plaintiff further alleges that the vaults referred to were appurtenant to and formed part of the demised premises and were essential to the use of the basement, and that the rent reserved in the several leases referred to was based upon the rental value of the said base-

ment with the vaults as an integral part thereof. Then follows an allegation that, on the 1st of October, 1914, the city of New York, as owner of the land where the vaults were located, required the McCreery Corporation to direct the Fleischmann Company to vacate part of said vault; that thereupon the McCreery Corporation ordered the Fleischmann Company, the defendant Sadowsky and the plaintiff to vacate part of the vaults; that in obedience to this demand, the Fleischmann Company and the plaintiff removed from a space of the size of 1,216 square feet of said vault, and that, in violation of the covenants of the leases, to be performed on the part of the McCreery Corporation and Sadowsky, the plaintiff and the Fleischmann Company were evicted from part of the said premises, which, when used in connection with the said premises, were reasonably worth $25,000 a year.

The plaintiff further alleges that on the 1st of December, 1915, the defendant Fleischmann Company refused to pay an installment of rent amounting to $1,750, and that thereupon the plaintiff, having no knowledge that the vault formed an integral part of the basement and was appurtenant to and a part of the premises described in the lease to the Fleischmann Company, began an action in the City Court of the city of New York against the defendant Fleischmann Company for the recovery of the said rent; that in defense of said action the Fleischmann Company alleged that by reason of the eviction the leasehold had been reduced in value to the extent of $250 for the month of December, 1915, and that said defendant was entitled to an apportionment of the rent for the said month and for each and every month from October, 1914, to November, 1915, inclusive, and the defendant Fleischmann Company having paid to the plaintiff the rent for said months at the rate of $1,750 a month, said defendant has thereby overpaid the plaintiff the sum of $3,500, and that said defendant demanded judgment against the plaintiff for the sum of $3,750, less the sum due the plaintiff for rent; that immediately after the plaintiff became aware of the claim made by the Fleischmann Company, he gave notice thereof to the McCreery Corporation and Sadowsky, and requested them to present evidence to defeat the claims made by the Fleischmann Company and to establish the

plaintiff's right to recover the rent without deduction; that the defendant McCreery Corporation was represented by one of its officers at the trial and presented proof to defeat the claims of the Fleischmann Company; that, notwithstanding the appearance of the McCreery Corporation and the Fleischmann Company, the jury rendered their verdict, fixing the rental value of the premises from which the Fleischmann Company and the plaintiff were evicted at $1,170 per annum, and that thereupon the Fleischmann Company was awarded the sum of $1,365, or $97.50 per month, in diminution of the rental value of said premises because of said eviction, and a verdict was directed in favor of the plaintiff and against the defendant Fleischmann Company for the sum of $297.50, subject to the opinion of the court.

It is further alleged that before the trial of the action just referred to and on the 1st of January, 1916, the plaintiff commenced another action in the same court for the recovery of $1,750 for rent, which became due on the 1st of January, 1916, in which action the Fleischmann Company answered, alleging the pendency of the first action in the said court and the verdict and judgment rendered therein. It is further alleged that until after the trial of the City Court action, the plaintiff had no knowledge of any fact justifying it to commence a suit in equity.

The complaint further alleges that the plaintiff and Sadowsky entered into the agreement on the 5th of August, 1913, under which Sadowsky sublet the premises to the plaintiff, by mutual mistake, each one believing and assuming that the premises demised did not include the vault space. It is also alleged that the Fleischmann Company still claims that it is entitled to an apportionment of the rent, and refuses to pay to the plaintiff rent at the rate of $1,750 per month, and that, because of its refusal to pay rent, it will become necessary for the plaintiff to commence a number of actions for each month's rent against the Fleischmann Company, unless the Fleischmann Company's right to an apportionment be adjusted and determined in this action. It is also alleged that the defendant McCreery Corporation has threatened to and is about to commence actions against Sadowsky for each month's rent as the same falls due, and that, unless

the McCreery Corporation be enjoined from commencing these actions, and unless the court determines the respective rights and interests of the several parties to this action, and unless the plaintiff and Sadowsky be permitted to rescind and cancel the said several agreements, or in default thereof have an apportionment of the rent, the plaintiff and Sadowsky will suffer irreparable injuries, for which they have no adequate remedy at law.

The plaintiff then prays that the defendants, during the pendency of the action, be restrained from bringing any action upon the agreements set forth in the complaint, and that the agreements between the McCreery Corporation and Sadowsky and the agreements between Sadowsky and the plaintiff be rescinded, and that the agreement of the 21st of October, 1908, between Sadowsky and the Fleischmann Company be canceled and annulled.

The defendant Sadowsky served an answer upon the plaintiff and the other defendants in which it asks the court to determine the rights of the parties as against one another. This answer was amended at the trial so as to demand that the lease between Sadowsky and the Fleischmann Company be rescinded, and that the lease between the McCreery Corporation and Sadowsky be rescinded as to that part of the term subsequent to May 1, 1918, and that it be reformed accordingly. A counterclaim was then added asking for a judgment against plaintiff and defendant McCreery Corporation determining the rights of the various defendants.

The Fleischmann Company also served an answer upon the plaintiff and the other defendants containing admissions and denials, together with a separate defense setting up the judgment in the City Court and payment of the rent as determined by the judgment in the City Court. This answer was also amended on the trial by asking that the lease from Sadowsky dated October 21, 1909, be canceled and annulled and that the complaint be dismissed as to defendant Fleischmann Company.

The answer of the defendant McCreery Corporation, after denials of the charge of misrepresentation and certain admissions, sets up several defenses among which is the defense that the plaintiff has an adequate remedy at law. The other

defenses are assertions of the validity of the various leases and agreements and there is a demand for a dismissal of the complaint.

The court has rescinded, canceled and annulled all of the leases and assignments referred to above, except the lease made by the McCreery Corporation to the Fleischmann Company dated December 15, 1906, and has apportioned the rent reserved in that lease by reducing it to the extent of $1,170 a year, or $97.50 each month, because of the partial eviction on October 1, 1914. The defendant McCreery Corporation appeals from the whole judgment, the defendant Sadowsky appeals from that part of the judgment which grants a rescission of the Sadowsky-Fleischmann lease, and of the lease of Sadowsky to the plaintiff.

The judgment decrees the rescission of the following instruments, the court having found that they were at no time valid or binding agreements: The lease from the McCreery Corporation to Sadowsky dated October 20, 1909, for the term February 1, 1910, to January 31, 1920; the assignment by the McCreery Corporation to Sadowsky of the lease dated December 15, 1906, from the McCreery Corporation to the defendant Fleischmann Company; the instrument dated October 21, 1909, being the lease to the defendant Fleischmann Company made by defendant Sadowsky for a term beginning May 1, 1918, and ending January 31, 1920; the sublease by Sadowsky to the plaintiff, dated August 5, 1913. The judgment also rescinds the lease dated October 21, 1909, made by Sadowsky to the Fleischmann Company, but it decrees that the rent reserved to the McCreery Corporation in its lease to the Fleischmann Company, dated December 15, 1906, be reduced by the sum of $1,170 per annum from October 1, 1914, for the purpose of apportioning the rent because of the partial eviction of the Fleischmann Company from the demised premises. It is further provided in the judgment that the rent, as apportioned, shall be paid by the Fleischmann Company directly to the McCreery Corporation until April 30, 1918. The judgment further provides that the defendant McCreery Corporation be restrained from prosecuting certain actions brought by it against defendant Sadowsky for the recovery of rent under the McCreery-

Sadowsky lease. The court rests its decision canceling these instruments upon the alleged misrepresentation as to the ownership of the vault space claimed to have been made to the Fleischmann Company by the McCreery Corporation, to induce the latter to enter upon its lease. The court has found that the McCreery Corporation represented to the Fleischmann Company that it owned the fee of the vault. (6th finding of fact.) It also found that defendant " McCreery " represented to the defendant Sadowsky that the lease made by it to the defendant " Fleischmann " was in all respects valid and enforcible; that there were and would be no legal or equitable defenses to the collection of the rent due and thereafter to become due thereunder arising from any act of the lessor — the defendant " McCreery " — and that the defendant Sadowsky could rightfully, properly and lawfully enter into a binding, valid and effective lease with the defendant "'Fleischmann " for the premises demised therein for twenty-one months from May 1, 1918, which lease would persist for the contract period thereof. These findings are not sustained by the evidence and should be reversed.

Furthermore, in this complaint no cause of action is stated against the McCreery Corporation nor was any cause of action in favor of the plaintiff proved at the trial. This is apparent from the following facts: In the lease between Sadowsky and the McCreery Corporation the former covenanted not to assign the lease without the written consent of the lessor or his legal representatives first indorsed upon the lease. In his negotiations with the plaintiff, Sadowsky said he would give a sublease to the plaintiff, and not an assignment, as he did not want to bother McCreery about getting the required consent to an assignment. It was then arranged that Sadowsky should give a sublease to the plaintiff. This sublease did not in any way affect the legal relation existing between the McCreery Corporation and Sadowsky under their lease, nor did it establish any privity between the plaintiff and the McCreery Corporation. The plaintiff did not attorn to the McCreery Corporation. After the sublease to the plaintiff, the McCreery Corporation continued to collect the rent from Sadowsky. Clearly there is a failure to show either privity of contract or of estate between the

plaintiff and defendant the McCreery Corporation with reference to the demised premises. (16 R. C. L. 876, § 381.) Such being the case, the plaintiff can have no recovery of any kind in this action against the McCreery Corporation, and its complaint against the McCreery Corporation should have been dismissed. It was neither a necessary nor proper party to the action.

It is quite obvious from the pleadings and proofs herein that the McCreery Corporation was the common object of attack on the part of the plaintiff and the other defendants. If the plaintiff had established a cause of action against the McCreery Corporation, probably the court in this action could have adjusted the reciprocal claims set up in the various pleadings, but as there was no cause of action stated or proved against the McCreery Corporation, the court was not in a position to try the issues raised by the answers of the Fleischmann Company and Sadowsky either as between themselves or as between them and the McCreery Corporation. For this reason also this judgment should be reversed. (*Leske* v. *Wolf*, 154 App. Div. 233.)

Moreover, the plaintiff has an adequate remedy at law. In an action against it by Sadowsky for the rent possibly it might be entitled upon proper proof to a reduction of the rent because of the action of the city in reclaiming part of the vault space.

The judgment should be reversed and the complaint dismissed, with costs in this court and in the Special Term to the McCreery Corporation only. An order may be submitted providing for the reversal of all findings inconsistent herewith and containing new findings in support hereof.

CLARKE, P. J., SCOTT, SMITH and SHEARN, JJ., concurred.

Judgment reversed and complaint dismissed, with costs in this court and at Special Term to the McCreery Corporation only. Order to be settled on notice.