THOMAS B. ODELL, Appellant, v. WILLIAM MONTROSS, Respondent.

68  499
122  476

A deed absolute in terms, but given simply as security for the payment of money, is a mortgage with all the incidents of that instrument; and the rights and obligations of the parties to the instrument are the same as if the deed had been subject to a defeasance expressed in the body thereof, or executed simultaneously with it.

The legal estate in fee which remains in the mortgagor can only be divested, except by way of estoppel, by some instrument which will be valid under the statute of frauds (2 R. S., 135, § 8), and in compliance with the statute prescribing the mode and manner of conveying lands (1 R. S., 738, § 137). The mere payment to and receipt by the mortgagor of a sum of money, with intent to extinguish his title, will not operate as an estoppel or take the case out of the statute of frauds.

To validate a contract for the sale of lands under the statute of frauds the whole contract, i. e., the agreement to sell, and the description of the lands or the interest therein agreed to be sold, must be in writing, subscribed by the party.

An agreement between a mortgagor and mortgagee for the purchase, by the latter, of the right of redemption is looked upon with jealousy

by courts of equity, and will be sustained only when, in all respects, fair, and for an adequate consideration.

Plaintiff executed to defendant a deed, absolute on its face, of certain premises, but which was given simply to secure an indebtedness; subsequently defendant paid to plaintiff fifty dollars with the intent on the part of both parties that the same should be received in full settlement of all claims of plaintiff to said premises or to a reconveyance thereof. Defendant executed and delivered to plaintiff a paper acknowledging the receipt of said sum "in full satisfaction for all claims and demands whatsoever as to conveyance of property, or otherwise, up to this date." In an action to redeem, *held*, that neither the written receipt nor the payment operated to change the deed from a mortgage to an absolute conveyance ; that no agreement could be spelled out of the instrument which could be performed, and it could not be supplemented by parol proof, and made a perfect contract to release or convey lands; and that the payment and receipt of the money did not operate as an estoppel or take the case out of the statute of frauds.

*Stoddard* v. *Whiting* (46 N. Y., 627) distinguished and limited.

(Argued February 12, 1877; decided February 20, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, in favor of defendant, entered upon an order reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing judgment for defendant.

This action was brought to have a deed, absolute on its face, declared a mortgage, and for an accounting and reconveyance on payment of amount due.

The court found, in substance, that in July, 1865, plaintiff being indebted to defendant for moneys loaned and advanced, executed to said defendant a deed of the premises described in the complaint, which deed was absolute on its face, and purported to convey the fee, but that it was executed as and intended as a security for the said indebtedness then existing and what might thereafter accrue, and it was agreed and intended by the parties that plaintiff, upon payment, should have the right to redeem and should be entitled to a reconveyance. That in September, 1866, defendant paid to the plaintiff, at his request, the sum of fifty dollars, and plaintiff then and there signed

and delivered to the defendant a paper, of which the following is a copy, viz. :

"NEW YORK, *Sept.* 17, 1866.

"Received from William Montross fifty dollars, in full satisfaction for all claims and demands whatsoever as to the conveyance of property, or otherwise, up to this date.

"THOMAS B. ODELL."

That such payment was made and received, and such receipt signed and delivered with the intention of the parties that the same should be a full settlement of all claims of plaintiff to said lands and premises, and of all claims to any reconveyance thereof. As conclusions of law the court found, that the deed was to be considered as a mortgage; that the payment of the fifty dollars and the receipt given therefor did not operate to change the nature of the deed from a security to an absolute conveyance, nor to release plaintiff's right to redeem, and that upon payment of the sums due from plaintiff to defendant and the sums paid out by the latter, plaintiff was entitled to redeem; and judgment was directed adjudging that upon payment of such sums within thirty days defendant should reconvey, and in default of such payment that the premises be sold, as in foreclosure sales.

Judgment was entered accordingly.

*Thos. B. Odell* for the appellant. The instrument was a mortgage. (*Clark* v. *Henry*, 2 Cow., 324; *Marks* v. *Pell*, 1 J. Ch., 594; *Strong* v. *Stewart*, 4 id., 167; *Gilchrist* v. *Cunningham*, 8 Wend., 641; *Slee* v. *Manhattan Co.*, 1 Paige, 77; *Whittick* v. *Kane*, id., 201; *Van Buren* v. *Olmstead*, 5 id., 9; *McBurney* v. *Wellman*, 42 Barb., 390; *Murray* v. *Walker*, 31 N. Y., 401; *Horn* v. *Keteltas*, 46 id., 605.) A mortgage does not divest the mortgagor of the legal estate until foreclosure and sale. (*Trimm* v. *Marsh*, 54 N. Y., 599; *Kortright* v. *Cady*, 21 id., 347, 364; *Stoddard* v. *Hart*, 23 id., 560; *Bryan* v. *Butts*, 27 Barb., 503; *Syr. City Bk.* v. *Tallman*, 31 id., 207; *Sahler* v. *Signer*, 44 id., 614; *F. F. I. and*

*L. Co.,* v. *Edwards,* 26 Wend., 554.) The receipt of September 17, 1866, was not sufficient as a conveyance of plaintiff's title. (2 Washb. on R. P., 59; 3 id., 216, 217, 245; R. S., pt. 2, chap. 1, tit. 2, § 157; *Warren* v. *Lynch,* 5 J. R., 238; *Jackson* v. *Wood,* 12 id., 73; *Van Santvoord* v. *Sandford,* id., 355; *Morss* v. *Salisbury,* 48 N. Y., 636.)

*John A. Mapes* for the respondent. Defendant had a right to show by parol proof that the original intention of the parties to the instrument in suit was changed and a new agreement made upon a new and good consideration. (Will. Eq. Jur., 45; Francis' Maxims, Max., 14; Fonbl. Eq. B., 1, ch. 4, § 25; id., B. 3, chap. 3; *Beekman* v. *Frost,* 18 J. R., 562.) No new deed is or was necessary. (Will. Eq. Jur., 47; *Stoddard* v. *Whiting,* 46 N. Y., 633.) The doctrine "once a mortgage always a mortgage," does not apply to this case. (1 Washb. on R. P., 496, §§ 23, 24; *Remsen* v. *Hay,* 2 Ed. Ch., 535; *Trull* v. *Skinner* 17 Pick., 213; *Harrison* v. *Trustees, etc.,* 12 Mass., 456; *Vennum* v. *Babcock,* 13 Iowa, 194; *Green* v. *Butler,* 26 Cal., 595; *Wyncoop* v. *Cowing,* 21 Ill., 570.)

Allen, J. Prior to the transaction of the seventeenth of September, 1866, when the defendant upon the payment of fifty dollars to the plaintiff took an unsealed paper signed by him acknowledging the receipt of the fifty dollars "in full satisfaction for all claims and demands whatsoever as to conveyance of property or otherwise, up to this date," the relation of the parties in respect to the lands now sought to be redeemed was that of mortgagor and mortgagee with all the incidents of that relation. (4 Kent's Com., 143.) The plaintiff had conveyed the premises to the defendant by deed absolute in terms, but the conveyance was not intended as a sale, but as a security for the payment of money, and although there was no defeasance in writing, the intent could be and was shown by parol evidence, and the deed was but a mortgage. Parol evidence is admissible to show that an absolute deed

was intended as a mortgage, or that a defeasance has been destroyed by fraud or mistake. (*Dey* v. *Dunham*, 2 J. Ch. R., 182; *Clark* v. *Henry*, 2 Cow., 324; *Marks* v. *Pell*, 1 J. Ch. R., 594; *Horne* v. *Kettletas*, 46 N. Y., 605.) A conveyance absolute in terms given as a security, is a mortgage with all the incidents of a mortgage, and the rights and obligations of the parties to the instrument are the same as if the deed had been subject to a defeasance expressed in the body of the instrument, or executed simultaneously with it. (4 Kent Com., *supra.*) It must be recorded as a mortgage and not as a deed. (*Dey* v. *Dunham, supra.*) This case was reversed in 15 Johnson's Reports, 555, but this principle was recognized by the appellate court that reversed the decree of the chancellor. The reversal was on the ground that the subsequent purchaser claiming adversely to the deed was not a purchaser in good faith, and so not within the protection of the recording acts. (*James* v. *Johnson*, 6 J. Ch. R., 417; 2 Cow., 249.) In *White* v. *Moore* (1 Paige, 551), the chancellor held that the fact that there was no defeasance in writing, did not take the instrument out of the effect of the statute, requiring all mortgages to be recorded as mortgages.

The estate remaining in the mortgagor after the law day has passed, before foreclosure, is popularly but erroneously called an equity of redemption, retaining the name it had when the legal estate was in the mortgagee, and the right to redeem existed only in equity. Although a misnomer it does not mislead. The legal estate remains in the mortgagor and is subject to dower and curtesy, to the lien of judgments, may be sold on execution and may be mortgaged or sold as any other estate in lands, while the mortgagee has but a lien upon the lands as a security for his debt, and the land is not liable to his debts, or subject to dower or curtesy, or any of the incidents of an estate in lands. (2 Wash. R. P., 152 and *seq.; Jackson* v *Willard*, 4 J. R., 41; Powell on Mortgages, 258, N. L.) The mortgagor is possessed of an estate in the land in virtue of his former and original right, and there is no change of ownership. So far as the entire estate is con-

cerned, there is but one title and this is shared between the mortgagor and mortgagee, the one being the general owner and the other having a lien which, upon a foreclosure of the right to redeem, may ripen into an absolute title, their respective parts, when united, constituting one title. A mortgagor and mortgagee may, at any time after the creation of the mortgage and before foreclosure, make any agreement concerning the estate they please, and the mortgagee may become the purchaser of the right of redemption. A transaction of that kind is, however, regarded with jealousy by courts of equity, and will be avoided for fraud, actual or constructive, or for any unconscionable advantage taken by the mortgagee in obtaining it. It will be sustained only when *bona fide;* that is, when in all respects fair, and for an adequate consideration. (*Trull* v. *Skinner*, 17 Pick.,213; *Patterson* v *Yeaton*, 47 Maine, 306; *Ford* v. *Olden*, L. R., 3 Eq. Cases, 461; *Kaldridge* v. *Gillespie*, 2 J. Ch. R., 30; Wash. on Real Prop., ch. 16, § 1, pl. 24.)

The defendant claims to have extinguished the right of redemption and acquired the entire estate by the payment of the fifty dollars, and in virtue of the written acknowledgment of its payment for the purposes named in it. The paper is, in its terms, ambiguous. It does not purport to convey or transfer any property or estate in lands, but is declared to be in full of all claims and demands whatsoever as to conveyance of property or otherwise. It is but a parol admission of a satisfaction for the right mentioned. The apparent meaning of the instrument is to admit a satisfaction of all claims against the defendant, claims and demands that may be enforced whether such claims are of a right to a conveyance of property or any other matter. The plaintiff required no conveyance of the lands from the defendant. Upon the payment of the mortgage debt he would have been reinvested with the unincumbered title without conveyance or release from the defendant. As evidence of his title he might have required a reconveyance or a satisfaction of the mortgage, and that the courts would have compelled. But his right of redemption was not, in any sense, a "claim or demand as to

conveyance of property or otherwise." The receipt had upon its face, and without explanation, respect to personal claims and demands against the defendant. But the transaction was explained upon the trial, and shown to have been intended as a full settlement of all claims of the plaintiff to the lands and premises and of all claims to a reconveyance thereof. If this payment and receipt did operate to change the nature of the deed from a mortgage to an absolute conveyance, and is a release of the right to redeem so that the mortgagee became seized in fee simple by a union of the estates of the mortgagor and mortgagee discharged of the mortgage, the defence to the action is perfect. It cannot be claimed that the written paper *ex proprio vigore*, could have that effect. It does not profess to release the right of redemption, or. to convey any lands or interest in lands. No lands in particular are referred to. No agreement can be spelled out of the instrument which could be specifically performed, and it could not be aided and made a perfect contract to release or convey lands by parol proof. The whole force of the transaction, as affecting the rights of the plaintiff, is in the payment and receipt of the fifty dollars with intent to extinguish the title of the plaintiff. This cannot operate as an estoppel or take the case out of the statute of frauds. The mere payment of money will not entitle a purchaser to a specific performance of a parol contract for the purchase of an interest in lands. That can be repaid with interest, and no damage ensues from the non-performance of the contract. The purchaser can be made good for the use of his money, which is all that he has lost. . Had the defendant, acting upon the faith of this trans-. action, entered into possession of the premises and incurred expenses, and substantially changed his situation so that he could not be placed in the same situation in which he was before, it might have estopped the plaintiff from taking shelter under the statute of frauds, or alleging the insufficiency of the written instrument to carry out the agreement and intent of the parties. But there are none of the elements of an equitable estoppel in the case as presented by the record.

The plaintiff having a recognized legal estate in fee, he could only be divested of it (except by way of estoppel which does not exist) by some instrument which would be valid under the statute of frauds, and in compliance with the statute prescribing the mode and manner of conveying lands. The statute of frauds (2 R. S., 135, § 8) is very explicit, and needs no interpretation in its application to this case. It declares that every contract for the sale of any lands, or any interest in lands, shall be void, unless in writing, and subscribed by the party by whom the sale is to be made. The whole contract, that is, the agreement to sell and the description of the lands or the interest in lands agreed to be sold, must be in writing and subscribed by the party. The other statute referred to (1 R. S., 738, § 137) is equally applicable to this case. To hold that the plaintiff had not a fee, would be to overthrow the well-established relation of mortgagor and mortgagee, and reverse their respective positions in respect of the legal estate in the lands mortgaged. The statute declares that every grant in fee or of a freehold estate, shall be subscribed and sealed by the person making the grant, or his lawful agent. If a seal only was wanting to make the instrument relied upon by the defendant valid for the purposes intended, it is possible the court might compel the sealing, but that would not supply the intrinsic defects of the paper-writing itself.

What is said in *Stoddard* v. *Whiting* (46 N. Y., 633) of the nature of the estate of a mortgagor, and the bearing of the statutes quoted upon a conveyance of his estate, was not necessary to the decision of the case, or necessarily adjudged by the court. The plaintiff there, who was enforcing an equity of redemption, which was resisted, claimed under a written but unsealed assignment (a parol writing) from the mortgagor, and that was held sufficient to give him a standing in court, and enable him to maintain the equitable action to redeem. The decision is not in conflict with the views here expressed. The defendant could have acquired the estate and interest of the plaintiff either by a deed-poll as a release, or a grant in any form sufficient in terms and mode of execution

to convey an estate in lands. Mr. Powell, in his treatise on mortgages (vol 1, p. 260), in speaking of the methods by which a mortgagee may acquire the interest of the mortgagor, says that it may be by indenture with covenants, or a release by deed-poll, for by that means the estate of the mortgagor and mortgagee will become merged, and the mortgagee will be owner in fee of the whole estate.

The rights of the mortgagor and his estate can only be foreclosed by due process of law, or a release by deed in proper form, or a conveyance sufficient to pass the title to an estate in fee. The defendant has not purchased the equity of redemption or acquired the estate of the plaintiff by any proper release or conveyance. No injustice will be done the defendant by the result to which this conclusion leads. He will receive his money and interest, and will be fully indemnified, and he is not entitled to speculate in his dealings with his mortgage-debtor.

The judgment of the Special Term might have directed a redemption, upon the proper terms, within a specified time, or in default thereof the plaintiff be foreclosed. That, I think, would have been the proper judgment. But as no fault is found with the terms of the judgment at Special Term, the judgment of the General Term should be reversed and that of the Special Term affirmed.

All concur, except RAPALLO, J., not voting.

Judgment accordingly.