Smith, P. J.
The complaint alleges, in substance, that the plaintiff executed to her sister, Emiline jST: Townsend, one of the defendants, a deed of certain real estate and a bill of sale of certain personal property owned by the plaintiff, which instruments were intended as security for the payment of a debt of $1,700, owing by the plaintiff to the grantee, and that subsequently, the defendants, Glen and Burlew, by fraud and duress, practiced upon the plaintiff qnd said Townsend, procured the ■ execution of a conveyance of said real estate and personal property from the plaintiff - and Townsend to the defendant, Burlew. The relief prayed for in the complaint was a judgment ‘ declaring the deed and bill of sale from the plaintiff to Townsend, to be a mere security or mortgage, and that the deéd' and bill of sale executed to Burlew be declared void. There was also a prayer for general relief.
The trial court found upon testimony, which, although its sufficiency ' is challenged by the ■ appellant’s counsel, seems to us, after a careful reading of it, to amply support his finding, that the charges of fraud and duress were not sustained.
He also found that the deed and bill of sale executed by the plaintiff to Mrs. Townsend, were given in pursuance of an agreement that they should be taken and held as security for the payment of a note for $1,700, which Mrs. Townsend held against the plaintiff.
At the close of the testimony, the plaintiff’s counsel re *662 quested that if the court should find that there was no fraud or duress, the court would allow the plaintiff _ to amend her complaint, as far as necessary, so as to entitle the plaintiff to redeem her property from the lien of the security created by said deed and bill of sale, and to have an accounting, etc.
The court refused to grant such amendment, and the plaintiff’s counsel excepted. The plaintiff’s counsel contends that the refusal was error.
Waiving the question whether the court had the power to allow the amendment, if it had been asked for seasonably and unconditionally, we think that under the circumstances the refusal was not error
1 The request was, not that the amendment be made at the trial, but that it should be made in case the issue of fraud and duress tendered by the complaint should be decided adversely to the plaintiff. The request in that form was properly denied It contemplated that the court should not exercise the power of amendment until after it had decided the issue presented by the original complaint, and at a time when the defendants would have no opportunity to be present. No amended complaint or proposed amendment was submitted to the court or to the opposite party, and the motion was indefinite, it being for leave to amend the complaint “as far as necessary,” etc. Stern v. Knapp, 8 N. Y. Civ. Pro. Rep., 54.
2. The amendment would not be in furtherance of justice as the case now appears. It may be conceded, that as between the plaintiff and her grantee, the deed being intended as a mortgage, the fee remained in the plaintiff, subject to the mortgage. But the trial court found, upon sufficient evidence, that the deed from Mrs. Townsend to Burlew was executed with the consent and approval of the plaintiff. He also* found that the property was sold for its fair value, and that the price was paid by the purchaser in the mode agreed on by the parties, including the plaintiff. There being no fraud or duress in the transaction, the plaintiff is estopped from asserting that the fee still remains in her, and the case is thus within one of the exceptions mentioned in Odell v. Montross (68 N. Y., 499), cited by the appellant’s counsel. And as she has realized full value for the land, she has no equitable right to be allowed to redeem.
We have examined the other exceptions taken by the plaintiff’s counsel and find them without merit.
The judgment should be affirmed, with costs.
All concur.