THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GILBERT HALL, Appellant.

*Promissory note — when not the subject of larceny.*

When a note is only effective in case a title to land is accepted which the payee was not bound to give nor the maker to take, it is not the subject of larceny. (PRATT, J., dissenting.)

APPEAL by the defendant, Gilbert Hall, from a judgment of the Court of Sessions held in and for the county of Westchester on the 1st day of July, 1892, convicting the defendant of the crime of grand larceny, and from an order entered in the office of the clerk of Westchester county on the 30th day of July, 1892, denying the defendant's motion for a new trial made upon the minutes.

*A. J. Adams,* for the appellant.

*W. Popham Platt, District Attorney,* for the respondent.

BARNARD, P. J.:

The defendant was indicted for larceny in the second degree and convicted. The statute reads as follows:

" A person who, with intent to deprive or defraud a true owner of his property, or of the use and benefit thereof, or to appropriate the same to the use of the taker, or any other person, either, 1. takes from the possession of the true owner, or of any other person, or obtains from such possession by color or aid of fraudulent or false representation or pretense, or of any false token or writing; or secretes, withholds or appropriates to his own use, or that of any person other than the true owner, any money, personal property, thing in action, evidence of debt or contract, or article of value of any kind; * * * Steals such property, and is guilty of larceny." (Penal Code, § 528.)

The facts are as follows: One Mrs. Cappleman agreed to sell the defendant a parcel of land free from all incumbrances. A Mrs. Burnham claimed to have a ten years' lease of twenty feet of the same. Mrs. Cappleman failed to agree with Mrs. Burnham for the price of a release of her claim. To free herself from her difficulty, Mrs. Cappleman agreed to pay back to Hall $1,000 of the $1,275, which was the cost of the place. Hall then went to Mrs. Burnham and they made a verbal agreement to the effect that Mrs. Burnham would release the strip to Hall if he got the $1,000 of Mrs. Cappleman. Hall gave the note, which is claimed to be the subject of the larceny, to Mrs. Burnham, in these words:

" I agree to pay to Mrs. C. M. Burnham the sum of $200 for a release of twenty feet of ground on side of building, and this note is to be null and void if Mrs. Emma L. V. Cappleman does not pay me $1,000.    " GILBERT HALL."

Mrs. Cappleman paid Hall the $1,000. Hall again went to Mrs. Burnham and asked to see the lease. The requirement was refused by Mrs. Burnham, and he was sent to the clerk's office to see it. He again returned and took the release to show, as he said, to his lawyer. Upon his return he asked Mrs. Burnham for the note. She first refused to get it, but finally did get it, and Hall snatched it from her hand and destroyed it. There were two witnesses present besides the parties, Burnham and Hall. Hall asserted that Mrs. Burnham had no lease. He testifies that there was no lease on the lot which Mrs. Burnham held. The note or paper was not proper. It

rested on nothing. Mrs. Burnham made no written agreement to release and her verbal promise was void. (3 R. S. [7th ed.] 2326, § 8; *Rowan* v. *Lytle*, 11 Wend. 616; *Odell* v. *Montross*, 68 N. Y. 499.)

The note was only a provision by Hall to take a title which Mrs. Burnham was not bound to give nor Hall to take. Such a paper is not the subject of larceny. (*Payne* v. *The People*, 6 Johns. 103.)

Mrs. Burnham has lost no property right, actual or contingent. She has given no deed or release. She cannot be compelled to give any such paper. She ought to have shown her lease if she had one. She could not claim the $200 unless she gave the consideration, and it was not the spirit and intent of the agreement that Hall should pay $200 for a release which rested on nothing except the bare possession of Mrs. Cappleman's property. It is not necessary to place the decision on this ground, because the note was of no value for lack of mutuality in the agreement to release.

The conviction should, therefore, be reversed, and a new trial granted.

DYKMAN, J., concurred.

PRATT, J. (dissenting) :

The defendant was convicted at the Court of Sessions of Westchester county of the crime of grand larceny in the second degree.

It seems the defendant carried on some negotiations with one Mrs. Burnham concerning some real estate, and came to an agreement which resulted in his giving her a paper in the following words, to wit: " I agree to pay to Mrs. C. M. Burnham the sum of $200 for release of twenty feet of ground on side of building, and this note is to be null and void if Mrs. Emma L. V. Cappleman does not pay me $1,000."

This paper was delivered, signed by the defendant, to Mrs. Burnham on the thirteenth of February, Saturday. On the following Monday, it is claimed by the prosecution, he obtained it from Mrs. Burnham, and destroyed it without her consent.

It appeared in evidence that Mrs. Cappleman paid the defendant the $1,000 mentioned in the note or agreement, and that Mrs. Burnham tendered the release stipulated for and demanded the $200.

The defendant, by fraud and device, obtained possession of the paper and destroyed it.

It seems clear that this paper was "evidence of debt or contract" under section 545 of the Penal Code, and that the taking and destroying of the paper by the defendant was with an intent to defraud the true owner of her property and the use and benefit thereof, and appropriate it to his own use.

The evidence is abundant to sustain the verdict, and no legal error was committed upon the trial.

In fact the case was tried with great care and circumspection, and the charge was quite as favorable to the defendant as was warranted under the circumstances.

The case shows a wanton and fraudulent destruction of the property of the plaintiff.

The judgment should be affirmed.

Conviction and judgment reversed, and new trial granted.