PEOPLE ex rel. BRAEBURN ASS'N v. HANKING et al., Board of Assessors.

(Supreme Court, Appellate Division, Second Department. January 17, 1913.)

1. TAXATION (§ 200*)—MORTGAGE RECORDING TAX—EXEMPTION FROM OTHER TAXATION—"TAXED."

Tax Law (Consol. Laws 1909, c. 60) § 251, provides that all mortgages on real property within the state "taxed" by that article, and the debts and obligations thereby secured, together with the paper writings evidencing the same, shall be exempt from other taxation. Section 253 provides for a recording tax to be collected and paid as therein provided. Section 260 provides that, when the mortgage covers real property partly within and partly without the state, the state board of tax commissioners shall determine what proportion shall be taxable by determining the relative value of the property within the state as compared to the total value of the entire property. *Held*, that where real property covered by a mortgage is only partly within the state, and the proper amount of the recording tax has been determined and paid, a bond secured by the mortgage is taxable by local assessors on an amount proportionate to the value of the real property situated without the state, since "taxed" in section 251 has reference to such mortgages only as are taxable under that article, and to the extent that a mortgage is not taxable, and no tax is collected, it is not taxed within that section, and is not exempt from local taxation.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 319; Dec. Dig. § 200.*

For other definitions, see Words and Phrases, vol. 8, p. 6890.]

2. STATUTES (§ 181*)—CONSTRUCTION—INEQUALITIES.

While the courts cannot so interpret a statute as to avoid inequalities where its intention is plain, they may where there is room for interpretation construe it in such manner as to avoid false consequences which cannot be deemed to have been intended by the Legislature.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 259, 263; Dec. Dig. § 181.*]

Appeal from Special Term, Rockland County.

Certiorari by the People on relation of the Braeburn Association against William H. Hanking and others, constituting the board of

assessors of the town of Clarkstown, county of Rockland, to review an assessment. From an order confirming a report of a referee, defendants appeal. Reversed, and assessment modified.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

George A. Blauvelt, of New York City (Joseph A. Warren, of New York City, on the brief), for appellants.

Gervase Green, of New York City (C. C. Stetson, of New York City, on the brief), for respondent.

Robert P. Beyer, Deputy Atty. Gen., of New York City, for interveners State Board of Tax Com'rs.

CARR, J. The relator is a domestic corporation domiciled in the town of Clarkstown, in the county of Rockland, in this state. It was assessed for taxation in that town in the year 1912 on personal property in the sum of $1,000. It made complaint to the board of assessors, to the effect that the only personal property held by it was not subject to taxation under the laws of this state, and asked that the assessment rolls be corrected accordingly. This request was refused by the board of assessors of the town, and the corporation thereupon sued out a writ of certiorari to review the validity of the assessment in question. The matter was sent to a referee, who took the proofs of the parties and made a report in which he decided that the personal property assessed against the relator was not subject to local taxation for the year 1912. This report was confirmed by an order of the Special Term of the Supreme Court in Rockland county, which directed that the assessment theretofore made against the relator should be canceled. From this order the board of assessors of said town have appealed to this court.

[1] There is no controversy as to the facts, and the only question involved is as to the proper interpretation of several sections of the Tax Law of this state. It appears that the relator owns a bond for $1,000, issued by Armour & Co., a foreign corporation. This bond, one of a series amounting in the aggregate to $30,000,000, was secured by a mortgage made by the Armour Company upon its real estate. The greater part of the real estate covered by the mortgage was situated without this state, but some parcels thereof were situated in the counties of New York and Kings within this state. It appeared that said mortgage, executed to secure the bond in question, was recorded in both the counties of New York and Kings, and on the recording thereof that a tax was paid to the state under the provisions of article 11 of the Tax Law (Consol. Laws 1909, c. 60). Section 251 of the Tax Law, which is contained in article 11 as aforesaid, provides as follows:

"Sec. 251. Exemption from local taxation.—All mortgages of real property situated within the state which are taxed by this article and the debts and the obligations which they secure, together with the paper, writings evidencing the same, shall be exempt from other taxation by the state, counties, cities, towns, villages, school districts and other local subdivisions of the state, except that such mortgage shall not be exempt from the taxes imposed by sec-

tions twenty-four, one hundred and eighty-seven, one hundred and eighty-eight, one hundred and eighty-nine and article ten of this chapter; but the exemption conferred by this section shall not be construed to impair or in any manner affect the title of any·purchaser of land or real estate which may be sold for nonpayment of taxes levied by any local authority."

Section 253 of the same statute, and likewise a part of article 11, provides as follows:

"Sec. 253. Recording tax.—A tax of fifty cents for each one hundred dollars and each remaining major fraction thereof of principal debt or obligation which is, or under any contingency may be secured at the date of the execution thereof or at any time thereafter by mortgage on real property situated within the state recorded on or after the first day of July, nineteen hundred and six, is hereby imposed on each such mortgage, and shall be collected and paid as provided in this article. If the principal debt or obligation which is or by any contingency may be secured by such mortgage recorded on or after the first day of July, nineteen hundred and seven, is less than one hundred dollars, a tax of fifty cents is hereby imposed on such mortgage, and shall be collected and paid as provided in this article."

Section 260 of the same statute provides, in part, so far as is material to this controversy, as follows:

"When the real property covered by a mortgage is located partly within the state and partly without the state it shall be the duty of the state board of tax commissioners to determine what proportion shall be taxable under this article by determining the relative value of the mortgaged property within this state as compared to the total value of the entire mortgaged property, taking into consideration in so doing the amount of all prior incumbrances upon such property or any portion thereof. If a mortgage covering property located partly within the state and partly without the state, is presented for record before such determination has been made, then there may be presented to the recording officer with such mortgage or at the time when the first advance is made on prior advance mortgages as provided in section two hundred and sixty-four of this article a statement in duplicate verified by the mortgagor or an officer or duly authorized agent or attorney of the mortgagor, specifying the value of the property covered by the mortgage within the state and the property covered by the mortgage without the state, stated separately. One of such statements shall be filed by the recording officer and the other shall be transmitted by him to the state board of tax commissioners. The tax payable under this article before the determination by the state board of tax commissioners, shall be computed upon such proportion of the principal indebtedness secured by the mortgage or of the sum advanced thereon as the case may be as the value of the mortgaged property within the state shall bear to the total value of the entire mortgaged property as set forth in such statement. The state board of tax commissioners shall on receipt of the statement filed with the board by the recording officer, and on not less than ten days' notice, served personally or by mail upon the person making such statement, the mortgagee and upon the comptroller, proceed to determine what proportion of the principal indebtedness secured by the mortgage shall be used as the measure of taxation within the state under the provisions of this article. In determining the separate values of the property covered by any such mortgage within and without the state for the purpose of ascertaining the proportion of the principal indebtedness secured by the mortgage which is taxable under this article, the state board of tax commissioners shall consider only the value of the tangible property covered by each mortgage, taking into consideration in so doing the amount of all prior incumbrances thereon."

Proceeding under section 260, the state board of tax commissioners determined that the proportion of the mortgage in question which was taxable under the provisions of article 11 of the Tax Law was

in the ratio of .016 to the entire issue of bonds, and the tax payable upon the recording of the mortgage was fixed in that proportion, thus leaving a portion of the mortgage, to the extent of $29,520,000, untaxed on the recording of the mortgage in this state. The position of the relator is that, notwithstanding the mortgage so far as it covered real estate situated without the state bore no tax to the extent of the real property so situated, yet it was "taxed" under article 11 within the meaning of section 251 of the statute, and that, therefore, to its whole extent it was exempted from any taxation for local purposes within this state. It would seem that the word "taxed" as used in section 251 had reference to such mortgages as were taxable under the provisions of article 11. To the extent that a mortgage was not taxable under the provisions of this article, then there was no requirement in the statute that a tax should be paid on the mortgage as an entirety. To such extent as it was not taxable, and no tax to that extent collected on its recording, it would seem that it was not "taxed" within the meaning of section 251 as aforesaid. According to the undisputed facts in this case, a tax was paid to the state on the recording of this mortgage only to the extent of .016 of the total amount secured by the mortgage. Had this mortgage covered real estate situated within this state, then it would be taxable in its full amount, and on its recording would have been actually "taxed" to that extent. Here, of course, there was paid on the mortgage in question a tax to the extent of only a very small fraction of the principal indebtedness thereby secured. The recording of this mortgage in the counties of New York and Kings added nothing to the security for the bondholders as to any real property covered by said mortgage which was situated without the state. The mortgage had to be recorded within this state, in the usual course of sound business, because it was an entire instrument which covered in part real property within the state, but, except as to such real property within the state, it was for the purposes of this controversy practically unrecorded as against the real property situated without the state. So that, whether we consider the tax imposed by article 11 of the Tax Law as a simple recording tax imposed as a condition of recording the instrument, it is apparent that under the provisions of said article the tax, whatever be its nature, was imposed simply to the extent to which the recording of the instrument was necessary for the protection of the security under the laws of this state.

We think that the clause of exemption contained in section 251 of the statute, as aforesaid, goes only to the extent to which the mortgage in question is taxable, and has been "taxed" under the provisions of said article 11. Otherwise we should have an unequal result, for in order to gain an exemption, under article 11 of the Tax Law, there must be paid on a mortgage covering real property situated wholly within this state, a tax on the full amount of the principal indebtedness, while a mortgage covering property practically all of which is located without this state can have the same exemption from local taxation within this state on the payment of a tax on practically an insignificant proportion of the total amount of the principal indebtedness.

[2] It is true that, where the intention of the statute is plain, it is

not for the courts to so interpret it as to avoid inequalities. At the same time, however, wherever there is room or necessity for interpretation, the courts must consider the statute in such manner as to avoid false consequences, which cannot be deemed to have been intended by the Legislature. As we look at this statute, it seems to us clear enough that it was the intention of the Legislature to grant no exemption from taxation for local purposes under this article, except to the extent that the mortgage was taxable, and "taxed" under the article, and that there is nothing in the words of the statute in any way inconsistent with such obvious intent. These conclusions lead to a reversal of the order appealed from, and require that the assessment roll in question should be corrected to the extent that there should be deducted from the face amount of the bond owned by the relator, a sum proportionate to the determination made by the state board of tax commissioners on the recording of the mortgage; that is to say, that the value of the personal property as assessed against the relator should be reduced to the extent of .016 per cent. thereof, and, as so corrected and modified, that the assessment should be confirmed.

Order reversed and assessment modified to the extent of reducing the amount of the assessment to the extent of .016 per cent. thereof, without costs of this appeal. All concur.