(156 App. Div. 343.)

### In re MECHANICS' BANK OF BROOKLYN.

#### MECHANICS' BANK OF BROOKLYN v. REGISTER OF KINGS COUNTY et al.

(Supreme Court, Appellate Division, Second Department. April 25, 1913.)

1. REGISTERS OF DEEDS (§ 5*)—DUTIES—RECORDING INSTRUMENTS—SUSPICION AS TO VALIDITY.

   Mere suspicion does not constitute belief resting upon reasonable grounds, sufficient to warrant a register of deeds in refusing to admit a deed absolute on its face to record on the theory that it is a mortgage.

   [Ed. Note.—For other cases, see Registers of Deeds, Cent. Dig. §§ 9–11; Dec. Dig. § 5.*]

2. EVIDENCE (§ 29*)—JUDICIAL NOTICE.

   The court may take judicial notice of the amount of taxes assessable upon an unrecorded mortgage.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 36, 37, 39, 43–46, 48; Dec. Dig. § 29.*]

3. MORTGAGES (§ 37*)—ESTABLISHMENT—PAROL EVIDENCE.

   Where there is no defeasance in writing, the intent that a conveyance absolute on its face shall be only security for the payment of money may be shown by parol, and in such case the conveyance is in effect only a mortgage.

   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 97–107; Dec. Dig. § 37.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**4. REGISTERS OF DEEDS (§ 5\*)—DUTIES—RECORDATION—RIGHT TO RECORD.**

Under the rule of. the tax commissioners that whenever a recording officer has reasonable grounds to believe that an instrument offered for record is intended as a mortgage, although it appears on its face to be an absolute conveyance, he shall refuse to record it without the payment of the mortgage tax, unless he is furnished by the party offering the same for record with an affidavit that the instrument is not intended as security for a debt or obligation, a register of deeds cannot refuse to record a deed absolute on its face in favor of a savings bank merely because he suspected that it might be security for a debt, it being customary for banks to take such security for loans; for not only is mere suspicion not synonymous with belief resting upon reasonable grounds, but it cannot be presumed that the bank would attempt to evade the tax laws relating to the recorders of mortgages, since the mortgage, if not recorded, will be invalid, and not admissible in evidence, and the tax assessed will be greater, and, even if recorded as a deed absolute, there would be no constructive notice of the lien.

[Ed. Note.—For other cases, see Registers of Deeds, Cent. Dig. §§ 9–11; Dec. Dig. § 5.\*]

Appeal from Special Term, Kings County.

Petition by the Mechanics' Bank of Brooklyn for a writ of mandamus against the Register of the County of Kings and the State Board of Tax Commissioners. From a judgment denying its motion for a peremptory writ (140 N. Y. Supp. 698), petitioner appeals. Order reversed, with directions to grant motion.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Franklin M. Tomlin, of Brooklyn (James M. Gray, of Brooklyn, on the brief), for appellant.

Robert P. Beyer, Deputy Atty. Gen., for respondents.

BURR, J. On the 16th day of November, 1912, George A. M. Smith executed and delivered to the Mechanics' Bank of Brooklyn a paper, which is in form a deed, conveying property on the east side of Fourth avenue in the said borough of Brooklyn. On the same day it was presented by a representative of the said bank to the register of Kings county, with a request that it be recorded, and the fee for recording such instrument was then tendered. The register refused to comply with the request unless an affidavit was presented to him, made by an officer of said bank, stating whether said deed was absolute, or given as collateral security, with the effect of a mortgage. Thereupon relator moved for a peremptory writ of mandamus requiring said register to record the same, and from an order denying such motion it appeals.

On June 29, 1910, the State Board of Tax Commissioners adopted the following rule:

"Whenever the recording officer has reasonable grounds to believe that the instrument offered for record is intended to operate as a mortgage security, although it appears on its face to be an absolute conveyance, he shall refuse to record it without the payment of the mortgage tax, unless he is furnished by the party offering the same for record with an affidavit that the instrument is not given as security for a debt or obligation."

In his answering affidavit the register of Kings county alleges in support of his refusal that he had reasonable grounds to believe that said instrument was intended to operate as a mortgage security, because it came from a bank whose business it is to conduct banking and make loans on collateral and other securities. He asserts no other ground for his refusal or belief.

We may assume that the purpose of said rule was to enforce compliance with the provisions of the Tax Law relating to mortgages. The Tax Law (Consol. Laws 1909, c. 60; Laws 1909, c. 62, § 3) provides that:

"All real property within this state, and all personal property situated or owned within this state, is taxable unless exempt from taxation by law."

Mortgages are included within the definition of "personal property." Id. § 2, subd. 5. Identically the same provisions were contained in the former Tax Law. Laws 1896, c. 908. In 1905 a new article was added to the Tax Law, to be known as article 14 (Laws 1905, c. 729), constituting sections 290–314 thereof. This act provided a separate and distinct method for the taxation of mortgages, and exempted them from local taxation, with certain exceptions not important here to be noticed. See Tax Law, as thus amended, §§ 292, 294. In 1906 another act was passed, still further amending the Tax Law, and substituting still another method for the imposition and collection of said tax. Laws 1906, c. 532. This act was further amended in 1907, but in particulars here unimportant (Laws 1907, c. 340), and as thus amended was re-enacted in the Tax Law of 1909, supra, and is there known as article 11, constituting sections 250–267 thereof, inclusive. This act provides that:

"A tax of fifty cents for each one hundred dollars and each remaining major fraction thereof of principal debt or obligation which is, or under any contingency may be secured at the date of the execution thereof or at any time thereafter by mortgage on real property situated within the state recorded on or after the first day of July, nineteen hundred and six, is hereby imposed on each such mortgage, and shall be collected and paid as provided in this article." Id. § 253.

"The taxes imposed by this article shall be payable on the recording of each mortgage of real property subject to taxes thereunder." Id. § 257.

"No mortgage of real property shall be recorded by any county clerk or register, unless there shall be paid the tax imposed by and as in this article provided. No mortgage of real property which is subject to the taxes imposed by this article shall be released, discharged of record or received in evidence in any action or proceeding, nor shall any assignment of or agreement extending any such mortgage be recorded unless the taxes imposed thereon by this article shall have been paid as provided in this article. No judgment or final order in any action or proceeding shall be made for the foreclosure or enforcement of any mortgage which is subject to the taxes imposed by this article or of any debt or obligation secured by or which secures any such mortgage, unless the taxes imposed by this article shall have been paid as provided in this article." Id. § 258.

Mortgages on real property, as the words are used in said article—

"include every mortgage by which a lien is created over or imposed on real property or which affects the title to real property, * * * executory contracts for the sale of real property under which the vendee has or is entitled to possession," and "a contract or agreement by which the indebtedness secured by any mortgage is increased or added to." Id. § 250.

"All mortgages of real property situated within the state which are taxed *by this article* and the debts and the obligations which they secure, together with the paper writings evidencing the same, shall be exempt from other taxation by the state, counties, cities, towns, villages, school districts and other local subdivisions of the state." Id. § 251.

There are certain exceptions to this exemption, which it is not necessary to notice at this time, as they do not affect the questions here involved. The act further provided that:

"The State Board of Tax Commissioners shall have general supervisory power over all recording officers in respect of the duties imposed by this article and they may make such rules and regulations for the government of recording officers in respect to the matters provided for in this article as they may deem proper, provided that such rules and regulations shall not be inconsistent with this or any other statute." Id. § 263.

[1-4] Without determining the power of the State Board of Tax Commissioners to prescribe the rule above referred to, if the power exists, the facts here disclosed furnish no ground for its attempted enforcement. Mere suspicion is not synonymous with belief resting upon reasonable grounds. People ex rel. Livingston v. Wyatt, 186 N. Y. 383, 79 N. E. 330, 10 L. R. A. (N. S.) 159, 9 Ann. Cas. 972. If a state bank could only accept a conveyance of real property by way of security for a loan, there might be some grounds for the position taken by the respondents; but such is not the case. Banking Law (Consol. Laws 1909, c. 2; Laws 1909, c. 10) § 66, subd. 3. So far as any facts are here disclosed, it is just as reasonable to suppose that it is acquired because "necessary for its immediate accommodation in the convenient transaction of its business," or "in satisfaction of debts previously contracted in the course of its dealings," as that it is "mortgaged to it in good faith, by way of security for loans made by, or moneys due to, such corporation."

We think that the fact that relator seeks to have this instrument recorded as a deed is strong evidence that it is not to be deemed other than an absolute conveyance of the property. The provisions of article 11 of the Tax Law relate only to mortgages upon which a tax is *thereby* imposed, and it is manifest, from the provisions thereof above cited, that it is only mortgages offered for record which are affected thereby. A mortgage unrecorded would still be subject to tax, not by the provisions of said article, but perforce the requirements of section 2, subd. 5, and section 3, art. 1 of the Tax Law (People ex rel. Braeburn Ass'n v. Hanking, 154 App. Div. 679, 139 N. Y. Supp. 436), and we think we may take judicial notice that under such circumstances the rate of tax will be very much greater than that imposed by article 11.

If this deed is in fact a mortgage, and there is a separate instrument of defeasance, the recording of it as a deed, without at the same time recording every writing operating as a defeasance or explanatory thereof, is a nullity so far as giving constructive notice to subsequent purchasers or incumbrancers is concerned. Real Property Law (Consol. Laws 1909, c. 50; Laws of 1909, c. 52) § 320; White v. Moore, 1 Paige, 551; Odell v. Montross, 68 N. Y. 499; Mooney v. Byrne, 163 N. Y. 86, 57 N. E. 163. It may not be re-

ceived in evidence in any action or proceeding in this state unless the mortgage tax thereon is paid. Mutual Life Insurance Co. v. Nicholas, 144 App. Div. 95, 128 N. Y. Supp. 902. It is true that, where there is no defeasance in writing, the intent that a conveyance absolute in its terms shall be only a security for the payment of money may be shown by parol, and in such case the deed is in effect but a mortgage. Odell v. Montross, supra; Kraemer v. Adelsberger, 122 N. Y. 467, 25 N. E. 859. Whether a right to redeem depends upon a separate written instrument or rests in parol, to operate as notice the instrument given as security for the debt must be recorded as a mortgage and not as a deed. Odell v. Montross, supra; Dey v. Dunham, 2 Johns. Ch. 182.

We should not suspect the relator of doing something that would be of little, if any, benefit to it. The object of recording an instrument is to give to subsequent purchasers constructive, as a substitute for actual, notice of the grantee's claim thereunder. It may be that a person, intending to become a subsequent purchaser in good faith and for a valuable consideration, and examining the records in the register's office, and seeing thereon such a deed, might be led to inquire and ascertain the true character thereof. But in such case the notice with which he would be chargeable would be such as resulted from his inquiry, and not from the recording of the instrument. If such a purchaser acquired the title to the premises without making any examination of the records, without actual notice, or if such a purchaser disregarded an instrument recorded as a deed which was in fact a mortgage, his title would be unaffected by reason of such record, and would be superior to the claim of the bank thereunder.

We think, therefore, that the order appealed from should be reversed, and the motion for a peremptory writ of mandamus should be granted, but, under the circumstances, without costs. All concur.