(88 Misc. Rep. 285)

### LEAVITT et al. v. WALDEMAR CO. et al.

(Supreme Court, Special Term, New York County. December, 1914.)

1. MORTGAGES (§ 93*)—TAXATION (§ 533, New, vol. 11 Key-No. Series)—EQUITABLE MORTGAGE—VALIDITY—RECORDING—PAYMENT OF TAX.

   The Mortgage Tax Law (Consol. Laws, c. 60, §§ 250–267) does not require that a defeasance which converts an otherwise absolute grant into an equitable mortgage shall be recorded or the mortgage tax paid on delivery of the defeasance, but only requires the record and payment at any time before enforcement of the mortgage.

   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 204; Dec. Dig. § 93.*]

2. TAXATION (§ 533, New, vol. 11 Key-No. Series)—EQUITABLE MORTGAGE—MORTGAGEE IN POSSESSION—PAYMENT OF TAX.

   Where in proceedings to enforce an equitable mortgage, in form an assignment of a lease, the public authority entitled to collect a deficient tax was not a party, plaintiff's possession with consent of all parties in interest was that of a mortgagee in possession, though the entire mortgage tax may not have been paid.

3. MORTGAGES (§ 200*)—MORTGAGEE—PAYMENT OF TAXES—RIGHT TO REIMBURSEMENT.

   A mortgagee, whether in possession or not, who pays rent and taxes to preserve the value of his security, is entitled to tack the amount so paid to his mortgage and recover it on foreclosure.

   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 526–531; Dec. Dig. § 200.*]

4. MORTGAGES (§ 200*)—MORTGAGEE—PAYMENT OF TAXES—RIGHT TO REIMBURSEMENT—LANDLORD AND TENANT.

   The holder of an interest in an equitable mortgage, in form an assignment of a lease obligating the tenant to pay all taxes, is entitled to tack to his share of the mortgage the amount paid by him for taxes, though he be a mere dummy of the ground landlord.

   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 526–531; Dec. Dig. § 200.*]

5. MORTGAGES (§ 151\*) — PRIORITIES — MECHANIC'S LIEN — LANDLORD AND TENANT.

    Where a lease obligated the lessee to make certain improvements and alterations, a mechanic's lien filed for such improvements constituted a charge on the property prior to an equitable mortgage, which was in form an assignment of the lease, except in so far as such mortgage represented payment of taxes.

    [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 307, 309–311, 314–329, 332–336; Dec. Dig. § 151.\*]

6. MORTGAGES (§ 200\*)—PRIORITIES—PAYMENT OF TAXES.

    Any person interested in an equity of a building, whose owner fails or refuses to pay taxes, on paying such taxes to protect his security, is entitled to reimbursement on foreclosure in priority over all claimants, except those having paid similar taxes.

    [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 526–531; Dec. Dig. § 200.\*]

Action by Louis Leavitt and another against the Waldemar Company and others. Judgment for plaintiffs and certain defendants.

Max D. Steuer, of New York City, for plaintiffs.

G. H. Brevillier and Lindsay, Kalish & Palmer, all of New York City (Edwin L. Kalish, of New York City, of counsel), for defendants.

GUY, J. Action to foreclose a paper in form an assignment of a lease, which is alleged, however, to be in reality an equitable mortgage thereof.

[1] On December 8, 1910, the Girard Trust Company of Philadelphia, as trustee, leased the then Albany Apartments to one Murray for 21 years from October 1, 1911, at an aggregate rental of $1,260,000, on a sliding scale ranging from $25,000 for the first year of the term to $75,000 for each of the last six years of the term. The lessee agreed to expend $100,000 in alterations and improvements, in the enlargement and betterment of stores, and the construction of stores, offices, and lofts, during the first year of the term, and to pay all taxes and assessments. On August 7, 1911, the tenant, Murray, assigned his lease to the Waldemar Company. The Waldemar Company being unable to raise the $100,000 for alterations and improvements, on September 20, 1911, assigned the lease to the plaintiff Leavitt by an instrument which in form was an absolute assignment.

Notwithstanding that the alleged defeasance showing that Leavitt had advanced $82,500 to the Waldemar Company, and that the assignment of the lease was given as collateral security therefor was not produced, I find from the agreement of March 1, 1913, between plaintiff Leavitt and one Reeder, a subsequent assignee of the lease, sufficient evidence to satisfy me that the assignment to Leavitt was and really is an equitable mortgage to secure Leavitt for advances which the agreement says have been reduced from $82,500 to $56,197.25. Real Property Law (Consol. Laws, c. 50) § 320; Kraemer v. Adelsberger, 122 N. Y. 467, 474, 25 N. E. 859; Matter of Mechanics' Bank, 156 App. Div. 343, 347, 141 N. Y. Supp. 473, affirmed 209 N. Y. 526, 102 N. E. 1106. The Mortgage Tax Law (sections 250–267, c. 60, Consol. Laws 1909) does not require a defeasance which converts an otherwise

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

    151 N.Y.S.—53

absolute grant into an equitable mortgage to be recorded or the mortgage tax paid upon the delivery of such defeasance, which may be and often is executed and delivered long after the execution of the absolute grant (Kraemer v. Adelsberger, 122 N. Y. 467, 473, 474, 25 N. E. 859); but it only requires the record of the defeasance and the payment of the mortgage tax at any time before the mortgagee seeks to enforce the mortgage. Mutual Life Ins. Co. v. Nicholas, 144 App. Div. 95, 98, 99, 128 N. Y. Supp. 902; Matter of Mechanics' Bank, supra.

[2] As neither the state nor the register of New York county is a party, it would not be equitable to determine the sufficiency or insufficiency of the mortgage tax paid upon the reduced amount of advances, viz., $56,197.25, although it is conceded in plaintiff's counsel's brief that Leavitt had at one time advanced $82,500. In the absence in this action of the public authority entitled to collect a deficient tax, if any (Osterhoudt v. Supervisors, 98 N. Y. 239, 243, 245), Leavitt's possession, under the assignment of the lease and the defeasance, with the actual consent of all parties in interest, was that of a mortgagee in possession. Becker v. McCrea, 193 N. Y. 423, 427, 86 N. E. 463, 23 L. R. A. (N. S.) 754.

[3] The plaintiff Bartlett was the legal owner of a small interest in the Leavitt mortgage. Whether he holds this in his individual right, or as a dummy for the ground landowner, he paid $26,996.67 for taxes and rent, to prevent tax sales and dispossess proceedings from destroying the value of his security in the mortgaged property, while he was a comortgagee in possession thereof.

A mortgagee, whether in possession or not, who pays rent and taxes to preserve the value of his security, is entitled to tack their amount to his mortgage and recover it upon a foreclosure, in addition to the amount otherwise due upon his mortgage. Robinson v. Ryan, 25 N. Y. 320, 325, 327; Marshall v. Davies, 78 N. Y. 414, 421, 422; 27 Cyc. 1255.

[4] If, as claimed by some of the defendants, Bartlett was the dummy of the ground landlord, he was nevertheless entitled to recoupment for rent he actually advanced, and he was also entitled to pay the taxes and tack the amount so paid to the share of the mortgage he owned, because the lease required the tenant to pay all taxes, water rates, and assessments.

Plaintiff Leavitt is entitled to foreclose his share of the equitable mortgage for the entire amount now due thereunder, because the agreement of September 20, 1911, establishing the terms of the lost defeasance, makes the failure to make any payment as therein provided for a breach which entitled the mortgagee to enforce at once the entire amount that may become due.

[5] The provision in the lease obligating the lessee to spend $100,000 for improvements and alterations during the first year of the term, such improvements and alterations being as much for the landlord's benefit as for the tenant's, made the mechanic's lien filed by the Lustbader Construction Company for $21,564.26, with interest, for such improvements, a charge upon the property, which is a prior lien to plaintiff's equitable mortgage upon the lease (Jones v. Menke, 168

N. Y. 61, 63–65, 60 N. E. 1053; New York Elevator Supply Co. v. Bremer, 74 App. Div. 400, 402–403, 77 N. Y. Supp. 509, affirmed 175 N. Y. 522, 67 N. E. 1086), except in so far as Bartlett's share of the mortgage represents the payment of taxes.

[6] Defendant Kinbark holds a mortgage representing $7,701.79 of taxes paid by his assignor upon the premises in question, as well as $745.46 accrued rent paid by his assignor to prevent a dispossess proceeding. His assignor was a subcontractor, which had an interest in protecting its contract against a tax lien foreclosure or dispossess proceeding.

Any person interested in the equity of a building, whose owner fails or refuses to pay taxes, upon paying such taxes to protect his security, is entitled to be reimbursed on foreclosure in priority over all claimants except those having paid similar taxes. Sidenberg v. Ely, 90 N. Y. 257, 262–265, 43 Am. Rep. 163; Dunlop v. James, 174 N. Y. 411, 414–416, 67 N. E. 60.

Proposed findings passed upon and filed. Submit decision in accordance herewith. All questions as to costs will be determined on settlement of judgment.

Judgment accordingly.