William J. Sullivan, J.
This is a motion by the plaintiff for summary judgment on the ground that the answers interposed by certain defendants herein are sham and set forth no meritorious defense. The action is brought to foreclose a mortgage dated May 6, 1961, on the leasehold interests of the defendant R. V. Centre Corp. in real property located in Rock-ville Centre, New York. The mortgage was recorded on May 11, 1961.
Except for defendant Jules Schneider, Inc., the defendants who have filed answers herein are judgment creditors whose judgments are subsequent to the plaintiff’s mortgage. The answers of said defendants, who have defaulted on this motion, present no defense, and are hereby stricken.
The defendant Jules Schneider, Inc., is the contractor who made improvements on the leasehold premises. The plaintiff’s mortgage was given for the purpose of financing said improvements, and a building loan agreement was made and filed simultaneously therewith. Said defendant Jules Schneider, Inc., filed a mechanic’s lien on August 6, 1963 against the interest of the fee owner and also the lessee (R. V. Centre Corp.). Plaintiff mortgagee asserts that its advances on its building loan mortgage are within the protection of sections 13 and 22 of the Lien Law. The court is satisfied on all the papers herein that plaintiff’s mortgage is entitled to priority under the Lien Law over the subsequently-filed mechanic’s lien insofar as said lien may pertain to the leasehold interests under foreclosure in this action.
The answer of said defendant Jules Schneider, Inc., filed in this action sets up an affirmative defense that since its mechanic’s lien is asserted “ against the real property ” of the fee owner, *615 it is a lien “ upon said premises prior and superior to the lien alleged by the plaintiff in this action ” (emphasis added). The essence of the contractor’s contention on this point is found in the following language of the opposing affidavit: “ Jules Schneider Inc. has asserted a lien upon an interest superior to the interest upon which Suburbia claims its lien. * * * the lien being foreclosed by Jules Schenider Inc. is asserted against the owner of the fee and a judgment of foreclosure and sale in the action instituted by Jules Schneider Inc. will result in a sale of the premises free and clear of the leasehold interest of ft. V. Centre Corp. ’ ’ In the opinion of this court, the above-quoted contention is without merit and contrary to well-established principles. At the time that the contractor’s lien was filed against the fee estate, that estate had already been diminished and encumbered by the pre-existing lease (memorandum of which was recorded Nov. 27, 1959) upon which Suburbia already held its mortgage lien. The status of the contractor in this situation is comparable to that of a mortgagee whose mortgage lien is acquired on a fee estate at a time when the same is already charged with a prior lease. The interest of such prior lessee would not be affected by the foreclosure of such subsequent fee mortgage (2 Wiltsie, Mortgage Foreclosure [5th ed.], § 836; 51 C. J. S., Landlord and Tenant, § 232; 2 Jones, Mortgages [8th ed.], § 978; Newman v. Gaul, 102 Conn. 425; Groos & Co. v. Chittim, 100 S. W. 1006 [Tex.] ; Burden v. Thayer, 44 Mass. 76, 79). So, also, in this case the filing of the mechanic’s lien against the fee estate at a time when the leasehold and plaintiff’s mortgage thereon were already in existence, and of record, in no way invalidates said leasehold interest or plaintiff’s leasehold mortgage. (The decision in Leavitt v. Waldemar, 88 Misc. 285, relied on by the contractor herein, is based' on citations which, in the opinion of this court, do not sustain the conclusion in that case.)
It is noted that the contractor has instituted a separate action against the fee owner to foreclose its mechanic’s lien, in which said action Suburbia (plaintiff herein) is named as a party defendant; and in that mechanic’s lien action the defendant fee owner has challenged the validity of the mechanic’s lien against the fee estate, contending among other things that the fee owner never consented to the improvements made by the contractor and that same were made wholly on the credit of the lessee. The issue between the contractor and the fee owner in that mechanic’s lien action cannot affect the rights of Suburbia under its leasehold mortgage. Suburbia, likewise, has no interest in the fee estate apart from the leasehold, and must be confined *616 entirely to its mortgage lien on the leasehold interests. To the extent that plaintiff Suburbia in the within foreclosure action seeks judgment adjudicating that the contractor has no lien against the fee estate, it asks for relief which is not pertinent to this action to foreclose its leasehold mortgage; and even if that were in issue herein, no complete adjudication as to the validity of the mechanic’s lien against the fee estate could be made herein, since the fee owner is not a party to this action.
Accordingly, Suburbia as plaintiff mortgagee in this action is entitled to judgment barring and foreclosing defendant Jules Schneider, Inc., of and from all right, title, and interest, and equity of redemption in and to the leasehold interests involved in this action; but said judgment may not bar or foreclose said defendant from any right, title and interest which it may have in the fee estate by reason of its mechanic’s lien against the fee.
The contractor has also urged, as a defense herein, that because Suburbia as mortgagee of the leasehold had the privilege of curing defaults of the tenant under the terms of the lease between the fee owner and the lessee, Suburbia is obliged to pay all contractors’ bills to keep the lease in force. This does not constitute a defense in this action. Whatever right of action may accrue to the fee owner against the lessee by virtue of such contractual provisions of the lease, no authority is presented nor is any known to the court which would give a contractor any rights against the lessee’s mortgagee by reason of such provisions in the lease.
Plaintiff’s motion to strike out the answer of defendant Jules Schneider, Inc., as well as the answers of the other defendants afore-mentioned, and for summary judgment, is granted.